[No. 14232.  Department Two. — March 18, 1893.]

## MARGARET DRISCOLL, ADMINISTRATRIX, ETC., RESPONDENT, v. THE MARKET STREET CABLE RAILWAY COMPANY, APPELLANT.

97   553
110   486
97   553
123   278
97   553
131   392
97   553
134   486
134   488
134   490
f134   491
97   553
136   463
97   553
137   328
97   553
148   771
97   553
149   45

NEW TRIAL — VERDICT — CONFLICTING EVIDENCE — REVIEW UPON APPEAL. — The appellate court will not disturb a verdict where there is a real and substantial conflict of evidence on material points, or where there is any real and substantial evidence to support the verdict; though when a jury catches at a mere semblance or pretense of evidence to take money from one party and give it to another without legal cause, the trial judge should set the verdict aside, and if he fails to do so, this court will·grant a new trial.

NEGLIGENCE — STREET-RAILROADS — INJURY TO PEDESTRIAN. — The owners of street-railroads are to be held to due care in the management of their lines; and if they exercise such care, they are not responsible to a pedestrian who, in a careless, reckless, or absent-minded way, walks suddenly in front of a moving car, and is injured before there is time to stop it.

ID. — RIGHTS OF PERSONS IN CHARGE OF STREET-CAR. — The persons in charge of a street-car, upon a clear track, where there is no negligence on their part, have a right to assume that people will not suddenly cross in front of it.

ID. — DEATH OF PEDESTRIAN — FAILURE TO RING AT STREET CROSSING — VIOLATION OF ORDINANCE. — Where a pedestrian was struck by a street-car and killed at a street crossing, the failure of the person in charge of the car to keep its bell ringing from a point twenty-five feet from the crossing until the crossing was passed, as required by the terms of a city ordinance, is negligence, both as being in violation of a reasonable ordinance, and as being in itself, under the circumstances, careless.

ID. — INSUFFICIENT EXCUSE FOR NEGLIGENCE. — It is no excuse for neglect to ring the bell while passing a street crossing that the gripman could not ring it, because his hands were otherwise engaged, and that the conductor was temporarily absent from his post.

ID. — CONTRIBUTORY NEGLIGENCE — QUESTIONS OF FACT — CONFLICTING EVIDENCE — APPEAL. — Where the street-railroad company was in default for not giving the proper warning, the question whether the deceased was guilty of contributory negligence in passing the street crossing, whether his negligence was the proximate cause of the injury, is one of fact for the jury; and where there is a conflict of evidence as to the actual conduct of the deceased, and the circumstances under which he acted, at the time of the accident, and there is sufficient evidence to warrant the jury in finding that deceased was not negligent, a verdict against the street-railroad company will not be disturbed upon appeal.

ID. — DUTY OF PEDESTRIAN — ORDINARY CARE. — A pedestrian in crossing the track of a street-railroad is only bound to use ordinary care, or that degree of care which people of ordinarily prudent habits could be reasonably expected to exercise under the circumstances of the case.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Frank Shay,* for Appellant.

The railroad track was itself a warning of danger, and imposed upon the plaintiff the duty of anticipating danger. (*McGrath* v. *R. R. Co.,* 59 N. Y. 468; 17 Am. Rep. 359; *Gillespie* v. *City of Newburgh,* 54 N. Y. 468; *Davis* v. *R. R. Co.,* 47 N. Y. 400; *Wilcox* v. *R. R. Co.,* 39 N. Y. 358; 100 Am. Dec. 440; *Ernst* v. *R. R. Co.,* 35 N. Y. 9; 90 Am. Dec. 761; *Gonzales* v. *R. R. Co.,* 38 N. Y. 440; 98 Am. Dec. 58; *Matta* v. *R'y Co.,* 69 Mich. 109; *Mynning* v. *R'y Co.,* 59 Mich. 257; *Rhoades* v. *R'y Co.,* 58 Mich. 263; *Haas* v. *R. R. Co.,* 47 Mich. 408; *Pzolla* v. *R. R. Co.,* 54 Mich. 273; *Potter* v. *R. R. Co.,* 62 Mich. 22.) The warnings given, to a man of ordinary prudence, were as effective as would have been the ringing of the bell in the manner specified in the ordinance, and the omission to so ring the bell cannot be deemed the cause of the accident. (*Railroad Co.* v. *Bell,* 70 Ill. 102; *Railroad Co.* v. *Eaves,* 42 Ill. 288; *Railroad Co.* v. *Nixon,* 52 Tex. 19; *State* v. *R. R. Co.,* 76 Me. 357–366; 49 Am. Rep. 622.) It was impossible for the gripman, in the exercise of due care, to have sounded the gong, as required by the ordinance. Failure to accomplish an impossible thing is certainly not negligence. (Civ. Code, sec. 3531.) The non-compliance with the ordinance was not only reasonable and prudent, but was absolutely necessary under the circumstances, and therefore was excused. (*Wakefield* v. *R. R. Co.,* 37 Vt. 330; 86 Am. Dec. 711; *Railroad Co.* v. *Elliott,* 28 Ohio St. 340–350.) It must appear that the negligent breach of duty imposed by ordinance was the direct and proximate cause of the injury complained of, and that such injury would not have occurred but for the violation of that duty. (*Railway Co.* v. *Stebbing,* 62 Md. 504–517; *Railroad Co.* v. *Loomis,* 13

Ill. 548; 56 Am. Dec. 471; *Railway Co.* v. *McKean,* 40 Ill. 218; *Steves* v. *R. R. Co.,* 18 N. Y. 422; *Briggs* v. *Railroad Co.,* 72 N. Y. 26; *Field* v. *Railway Co.,* 14 Fed. Rep. 332; *Ransom* v. *Railway Co.,* 62 Wis. 178; 51 Am. Rep. 718; *Railway Co.* v. *Butler,* 103 Ind. 31; *Knight* v. *Railway Co.,* 99 N. Y. 25; *Pennsylvania Co.* v. *Hensil,* 70 Ind. 569–574; *Railroad Co.* v. *Linn,* 67 Ill. 109; *Railroad Co.* v. *Lee,* 68 Ill. 576; *Railroad Co.* v. *Benton,* 69 Ill. 174; *Railroad Co.* v. *Jones,* 76 Ill. 311; *Railway Co.* v. *Durkin,* 76 Ill. 395; *Railroad Co.* v. *Harwood,* 90 Ill. 425; *Karle* v. *Railroad Co.,* 55 Mo. 476; *Railroad Co.* v. *Elliott,* 28 Ohio St. 340; *Cosgrove* v. *Railroad Co.,* 13 Hun, 329; *Barringer* v. *Railroad Co.,* 18 Hun, 398; *Railroad Co.* v. *Nixon,* 52 Tex. 19; *Williams* v. *Railroad Co.,* 61 Wis. 1; *Hanlon* v. *Railway Co.,* 129 Mass. 310; *Railway Co.* v. *Dill,* 22 Ill. 264; *Railway Co.* v. *Blackman,* 63 Ill. 117; *Railroad Co.* v. *Wright,* 23 Am. & Eng. R. R. Cas. 304; *Railway Co.* v. *State,* 6 Am. & Eng. R. R. Cas. 66; *Parker* v. *Railroad Co.,* 8 Am. & Eng. R. R. Cas. 420; *Kelley* v. *Railroad Co.,* 13 Am. & Eng. R. R. Cas. 638.)

Mere evidence that a person was injured at a crossing is not enough to make a case against defendant. (Cases last above cited; *Railroad Co.* v. *Goodman,* 62 Pa. St. 329; *Frech* v. *Railroad Co.,* 39 Md. 574–576; *Railroad Co.* v. *Stebbing,* 62 Md. 504–515; *Steves* v. *Railroad Co.,* 18 N. Y. 422; *State* v. *Railroad Co.,* 76 Me. 357–366; 49 Am. Rep. 622; *Holman* v. *R. R. Co.,* 62 Mo. 562.) The deceased was negligent in failing to exercise ordinary care in crossing the track in front of the approaching car. It was his duty to look up and down the track, and listen for the approach of the car. (*Glascock* v. *Railroad Co.,* 73 Cal. 137; *Flemming* v. *Railroad Co.,* 49 Cal. 253; *Railroad Co.* v. *Bell,* 70 Ill. 102; *Railway Co.* v. *Snyder,* 24 Ohio St. 670; *Matta* v. *Railroad Co.,* 69 Mich. 109; *Mynning* v. *Railroad Co.,* 59 Mich. 257; *Marland* v. *Railroad Co.,* 133 Pa. St. 487; 10 Am. St. Rep. 541; *Railroad Co.* v. *Mooney,* 126 Pa. St. 244; *Railroad Co.* v. *Houston,* 95 U. S. 697; *Bomboy* v. *Railroad Co.,* 47 Hun, 425; *Sullivan* v. *Railroad Co.,* 153 Mass. 118; *Nash* v. *Railroad*

Co., 125 N. Y. 715; *Railway Co.* v. *Howard,* 124 Ind. 280; 19 Am. St. Rep. 96; *Railway Co.* v. *Adams,* 33 Kan. 427; *Dunning* v. *Bond,* 38 Fed. Rep. 813; *Railroad Co.* v. *Frana,* 112 Ill. 398; *Henze* v. *Railroad Co.,* 71 Mo. 636–640; *Wilcox* v. *Railroad Co.,* 39 N. Y. 358; 100 Am. Dec. 440; *Cullen* v. *Canal Co.,* 113 N. Y. 667; *Brady* v. *Railroad Co.,* 81 Mich. 616; *Allen* v. *Railroad Co.,* 82 Me. 111; *Railway Co.* v. *Dyer,* 76 Tex. 156; *Railroad Co.* v. *State,* 72 Md. 153; *Donnelly* v. *Railroad Co.,* 151 Mass. 210; *Aiken* v. *Railroad Co.,* 130 Pa. St. 380; *Brown* v. *Railway Co.,* 42 La. Ann. 350; 21 Am. St. Rep. 374; *Gebhard* v. *Railroad Co.,* 79 Mich. 586; *Railway Co.* v. *Dean,* 76 Tex. 73; *Gothard* v. *Railroad Co.,* 67 Ala. 115; *Railroad Co.* v. *Goetz,* 79 Ky. 442; 42 Am. Rep. 227; *Schofield* v. *Railroad Co.,* 114 U. S. 615; *Baxter* v. *Railway Co.,* 41 N. Y. 502; *Telfer* v. *Railroad Co.,* 30 N. J. L. 188; *Maginnis* v. *Railroad Co.,* 52 N. Y. 215–224; *Railroad Co.* v. *Jacobs,* 63 Ill. 178; *Woodard* v. *Railroad Co.,* 106 N. Y. 369; *Harris* v. *Railway Co.,* 37 Minn. 47; *Davis* v. *Railroad Co.,* 47 N. Y. 400.) While it may be presumed that the failure to give the statutory warnings was the cause of the injury, yet if the injured person knew, or by the exercise of ordinary care would have known, of the approach of the car, the presumption is rebutted, and without further evidence connecting the omission of signals with the injury, the company is not liable for it on that ground alone. (*Steves* v. *Railway Co.,* 18 N. Y. 422; *Brooks* v. *Railroad Co.,* 25 Barb. 600; *Telfer* v. *Railroad Co.,* 30 N. J. L. 188; *Railroad Co.* v. *Loomis,* 13 Ill. 548; 56 Am. Dec. 471; *Railroad Co.* v. *Elliott,* 28 Ohio St. 340; *Wilcox* v. *Railway Co.,* 39 N. Y. 358; 100 Am. Dec. 400.) Where a person may have an unobstructed view of the railroad, he cannot recover damages for injury, although the railroad company may also have been negligent, or may have failed to perform a statutory requirement. (*Railroad* v. *Fears,* 53 Ill. 115; *Railroad Co.* v. *Graham,* 95 Ind. 286; 48 Am. Rep. 719; *Artz* v. *Railroad Co.,* 34 Iowa, 160; *Railroad Co.* v. *Terry,* 8 Ohio St. 570; *Railway Co.* v.

*Elliott*, 28 Ohio St. 340; *Gonzales* v. *Railroad Co.*, 38 N. Y. 440; 98 Am. Dec. 58; *Ernst* v. *Railroad Co.*, 39 N. Y. 68; 100 Am. Dec. 405; *Wilcox* v. *Railroad Co.*, 39 N. Y. 358; 100 Am. Dec. 400; *Havens* v. *Railway Co.*, 41 N. Y. 296; *Nicholson* v. *Railway Co.*, 41 N. Y. 525; *Gorton* v. *Railway Co.*, 45 N. Y. 660; *Beyel* v. *Railway Co.*, 34 W. Va. 538; *McGrath* v. *Railroad Co.*, 59 N. Y. 468–471; *Leak* v. *Railway Co.*, 90 Ala. 161; *Glascock* v. *Railroad Co.*, 73 Cal. 137.)

*Frank Sullivan*, for Respondent.

The argument of appellant is based upon the presumption that the law of negligence in the case of horse or cable cars is similar to that of street-railways, but such is not the fact. (*Lynam* v. *Union R. R. Co.*, 114 Mass. 83; 1 Thompson on Negligence, 396.) The right of a horse-car company to the use of its tracks is not exclusive, but the rights of the traveler and the railway company, in the use of the highway, are equal. (*Shea* v. *R & V. R. R. Co.*, 44 Cal. 427.) A traveler has a right to walk on the track, if he uses reasonable care and prudence to avoid injuries, and is not required to abandon the track in order to avoid possible injuries which may result from the carelessness of the company. (*Shea* v. *P. & V. R. R. Co.*, 44 Cal. 427; *Swain* v. *Fourteenth St. R. R. Co.*, 93 Cal. 183; *Flickenstein* v. *Dry Dock R'y Co.*, 105 N. Y. 655; *Robinson* v. *W. R. R. Co.*, 48 Cal. 409; *Johnson* v. *Hudson etc. R'y Co.*, 20 N. Y. 65; 75 Am. Dec. 375; *Liddy* v. *St. Louis R'y Co.*, 40 Mo. 506; *Wilson* v. *Cunningham*, 3 Cal. 241; 58 Am. Dec. 407.) The persons in charge of street-cars must not only see that the track is clear, but must exercise a constant watchfulness for persons who may be approaching the track. The ordinary speed of the car should be checked at a street crossing, especially after dark. (1 Thompson on Negligence, 398.) The rule that it is the duty of a person approaching a steam-railway crossing upon the highway to look up and down the track before attempting to cross, and that failure to do so will

constitute negligence *per se*, entitling the defendant to judgment, notwithstanding the defendant is also guilty of negligence, unless the defendant could, by the exercise of care, have avoided injuring him, does not apply to pedestrians crossing upon the track of a street-railway company. (1 Thompson on Negligence, 399; *Lynam* v. *Union R'y Co.*, 114 Mass. 83; *Mentz* v. *Second Ave. R'y Co.*, 3 Abb. App. 274.) The mere fact that a person crossing a street in a city fails to look both ways to avoid being run over is not conclusive evidence of negligence, but only a circumstance for the jury. (*Williams* v. *Grealy*, 112 Mass. 79.) Persons walking on a street-railroad track are not trespassers, nor must they look up and down the track before crossing. (Beach on Contributory Negligence, sec. 89, p. 300; 4 Lawson's Rights, Remedies, and Practice, sec. 1178.) The fact of the admitted violation of the ordinance established a *prima facie* case against the defendant. (1 Thompson on Negligence, 419–421; *Orcutt* v. *Pac. R'y Co.*, 85 Cal. 291; *Robinson* v. *W. P. R. R. Co.*, 48 Cal. 409; Deering on Negligence, sec. 6; *Siemers* v. *Eisen*, 54 Cal. 420; *Higgins* v. *Deeney*, 85 Cal. 576; *Platte C. & M. Co.* v. *Dowell*, 17 Col. 376.) The contention that the railroad track was, of itself, a warning of danger is not tenable, as this only applies to steam-railroads. (Beach on Contributory Negligence, sec. 89.) Even if warnings were given, they came too late, and hence were of no consequence. (*O'Callaghan* v. *Bode*, 84 Cal. 489; *Davies* v. *Oceanic S. S. Co.*, 89 Cal. 280.) The warnings were not such as should have been given, and even if given in time, were misunderstood, and were therefore worthless. (*Bonnell* v. *Delaware etc. R'y Co.*, 39 N. J. L. 189.) The acts and omissions of the defendant threw Driscoll off his guard, and hence it cannot be claimed that he was negligent, as he had no knowledge or reason to apprehend danger. (Beach on Contributory Negligence, sec. 23. See also 1 Thompson on Negligence, 404, 420; Deering on Negligence, secs. 16, 22; Shearman and Redfield on Negligence, sec. 31.)

In all the steam-railroad cases cited by appellant, even

if it is conceded they are in point, the warnings were given in season. Besides, confusion of mind in circumstances of danger caused by the careless act of defendant will not cause contributory negligence on the part of Driscoll. (*Kline* v. *C. P. R. R. Co.*, 37 Cal. 400; 99 Am. Dec. 282; *Karr* v. *Parks*, 44 Cal. 46; *Robinson* v. *W. P. R. R. Co.*, 48 Cal. 409; *Dufour* v. *C. P. R. R. Co.*, 67 Cal. 319.) Assuming that Driscoll, in the very jaws of death, had time to consider his position, if, overcome with the newly discovered danger, he lost that perfect use of his faculties that he otherwise might have had, and was obliged to choose hastily between different modes of escape, he will not be held to that nice discrimination which he may have exercised when uninfluenced by fear. (1 Thompson on Negligence, 430; Deering on Negligence, sec. 32; 1 Shearman and Redfield on Negligence, sec. 80; Wharton on Negligence, secs. 93, 304; Beach on Contributory Negligence, sec. 14; 25 Am. Law. Reg. 622–625; *Mark* v. *R. R. Co.*, 30 Minn. 493; *Lawrence* v. *Green*, 70 Cal. 421; 59 Am. Rep. 428; *Dyer* v. *Erie R'y Co.*, 71 N. Y. 235; *Twomley* v. *C. P. N. R'y*, 69 N. Y. 158; 25 Am. Rep. 162; *Coulter* v. *American Express Co.*, 56 N. Y. 585; *Shultz* v. *Chicago R'y Co.*, 44 Wis. 645; *Kline* v. *C. P. R. R. Co.*, 37 Cal. 400; 99 Am. Dec. 282.) It is argued that non-compliance with the statute, under the circumstances, is excused. Such an argument is puerile. The authorities cited to show that a company failing to comply with the ordinance is *prima facie* negligent is a sufficient answer. But in this case we claim the conductor should have rung the bell. (See, as to non-compliance with ordinance, *Siemers* v. *Eisen*, 54 Cal. 418; *Higgins* v. *Deeney*, 78 Cal. 578; *Orcutt* v. *Pac. R'y Co.*, 85 Cal. 291; Shearman and Redfield on Negligence, secs. 13, 54.) Another argument advanced is, that the company must choose between the safety of its passengers and the pedestrian. This has no application to a street-railway car. (See Beach on Contributory Negligence and Thompson on Negligence, as to street-cars, cited be-

fore.) The defendant was negligent in allowing the east-bound car to obstruct Driscoll's view, and in failing to warn him by bell or signal. (Abbott's Trial Brief, sec. 559; 3 Lawson's Rights, Remedies, and Practice, sec. 1186; Beach on Contributory Negligence, sec. 65.)

Whether it is negligent for one about to cross a track not to wait until a train which has just passed has got far enough away to afford an unobstructed view of the track in that direction is a question for the jury. (Deering on Negligence, sec. 257.) These principles apply to steam-railroads, and they apply with more force to street-railroads. Where obstructions intervened and injury resulted: held, the question of negligence was for the jury. (*Nehrbas* v. *C. P. R. R. Co.*, 62 Cal. 320.)

So it was held, even in the case of steam-cars, where plaintiff attempted to cross a street obstructed by cars, and was struck by another car, coming in an opposite direction, that the question of the contributory negligence was for the jury. (*McClain* v. *Brooklyn City R'y Co.*, 116 N. Y. 459; *Lynam* v. *U. R. R. Co.*, 114 Mass. 83; *Greany* v. *L. J. R. R. Co.*, 101 N. Y. 419; *Cumming* v. *R. R. Co.*, 104 N. Y. 669; *Smedis* v. *R. R. Co.*, 88 N. Y. 13; *Casey* v. *R. R. Co.*, 78 N. Y. 518; *Sherry* v. *R. R. Co.*, 104 N. Y. 652; *Johnson* v. *Hudson R. R. Co.*, 20 N. Y. 65; 75 Am. Dec. 375.) What degree of care is essential on the part of a person walking or riding upon a highway in the night-time is a question for the jury in most cases, to be judged by a consideration of the particular circumstances. (2 Thompson on Negligence, 1198; 3 Lawson's Rights, Remedies, and Practice, 1172; *Oldenbury* v. *New York etc. R. R. Co.*, 124 N. Y. 414.) So it was held that street-car companies must check the speed at crossings, especially at night. (*West Phila. R'y Co.* v. *Mulhair*, 7 Rep. 661.) Even in cases of steam-railroads, where there are obstructions or other complicated circumstances, the person injured is not guilty of contributory negligence. (*Kellogg* v. *N. Y. etc. R. R. Co.*, 79 N. Y. 72; *Cumming* v. *Brooklyn etc. R. R. Co.*, 104 N. Y. 669.) The failure

of the defendant to check the speed of its cars at the crossing was negligence contributing proximately to the accident. (*West Phila. R. R. Co.* v. *Mulhair*, 7 Rep. 661; 1 Thompson on Negligence, 398, sec. 3; *Williams* v. *Richards*, 3 Car. & K. 81.) An attempt to pass in front of a street-car is not, as a matter of law, negligence contributing to the injury of one struck by the horses of the car while so crossing the tracks. (*Wells* v. *Brooklyn City R. R. Co.*, 58 Hun, 389; Deering on Negligence, sec. 126.)

Where the statute provides warnings, travelers have the right to rely on the statutes; in default of such warning, the speed must be reduced. (Beach on Contributory Negligence, sec. 64, p. 197.) Contributory negligence on the part of deceased was negatived by the illegal speed of the car. (Civ. Code, sec. 501.) The fact that the gripman had both hands engaged, and could not ring the bell, does not excuse the defendant, as in that case the conductor should have rung it. (Deering on Negligence, sec. 251.) The failure to ring the bell was proximately the cause of Driscoll's death. (*Platte Canal etc. Co.* v. *Dowell*, 17 Col. 376.) The plaintiff's right to recover is not affected by Driscoll's having contributed to the injury, unless he was in fault in so doing. He must have been guilty of at least ordinary negligence. His failure to use great care will not defeat the action. (*Dufour* v. *Central Pac. R. R. Co.*, 67 Cal. 322; Shearman and Redfield on Negligence, secs. 28, 29; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 409.) Even if Driscoll had been guilty of contributory negligence, if it further appeared that defendant saw, or might have seen, Driscoll's peril in time to have avoided the injury by due care and reasonable diligence, and failed to exercise it, the defendant would be liable. (*Railway Co.* v. *Sampson*, 91 Ala. 560.) The consideration of the whole question was properly left to the jury. Their verdict was final. (*Fernandes* v. *Sacramento City R'y Co.*, 52 Cal. 45; *Shafter* v. *Evans*, 53 Cal. 33; *N. E. G. Glass Co.* v. *Lowell*, 7 Cush. 321; *Railroad Co.* v. *Flint*,

17 Wall. 657; Code Civ. Proc., secs. 1957, 1958, 1960; *Jamison* v. *San José etc. R. R. Co.*, 55 Cal. 593; *Meeks* v. *S. P. R. R. Co.*, 56 Cal. 515; 38 Am. Rep. 67; *Gay* v. *Winter*, 34 Cal. 153; *Shea* v. *Potrero etc. Co.*, 44 Cal. 428; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 422; *Stackus* v. *New York etc. R. R. Co.*, 79 N. Y. 466; *Wasner* v. *Delaware R. R. Co.*, 80 N. Y. 212; 36 Am. Rep. 608; *O`Callaghan* v. *Bode*, 84 Cal. 489; *Davies* v. *Oceanic S. S. Co.*, 89 Cal. 280; *Noyes* v. *South Pac. R. R. Co.*, 92 Cal. 285; *Nehrbas* v. *Central Pac. R. R. Co.*, 62 Cal. 320; *Cosgrove* v. *R. R. Co.*, 87 N. Y. 88; 41 Am. Rep. 255; *Robinson* v. *Western Pac. R. R. Co.*, 48 Cal. 422; *Wilson* v. *Southern Pac. R. R. Co.*, 62 Cal. 172; *Schierhold* v. *North Beach etc. R. R. Co.*, 40 Cal. 447; *Whalen* v. *Arcata R. R. Co.*, 92 Cal. 669; *Swain* v. *Fourteenth Street R. R. Co.*, 93 Cal. 179; *Greany* v. *Long Island R. R. Co.*, 101 N. Y. 419; *Taylor* v. *Delaware Canal Co.*, 113 Pa. St. 174; 57 Am. Rep. 446; Beach on Contributory Negligence, c. 10, secs. 161–163; *Sherry* v. *New York etc. R. R. Co.*, 104 N. Y. 656; *Casey* v. *New York etc. R. R. Co.*, 78 N. Y. 518.)

McFarland, J. — On December 10, 1884, Alexander Driscoll was struck and killed by a car of defendant, at the intersection of McAllister and Larkin streets, in San Francisco; and his widow, as administratrix, brought this action to recover damages for his death. The jury returned a verdict for plaintiff in the sum of $7,775, for which judgment was rendered. The defendant appeals from the judgment, and from an order denying a new trial. The only point urged by appellant is, that the evidence is insufficient to justify the verdict, the positions of appellant being that the evidence does not show that the accident was the result of any negligence of appellant, and *does* show that it was the result of the negligence of the deceased.

The question presented is certainly one of some difficulty. The rule is well established that this court will not disturb a verdict where there is a conflict of evidence on material points, and when there is evidence to

support the verdict; but such conflict and such evidence must be real and substantial. When a jury catches at a mere semblance or pretense of evidence for the purpose of somewhat equalizing financial conditions by taking money from one party and giving it to the other without legal cause, the trial judge should, without hesitation, set the verdict aside; and in the event of his not doing so, this court will grant a new trial.

Street-railroads are an established feature of modern city life. They are a convenience and a necessity to all classes of people, and are desired by all. But their operation on crowded streets is necessarily attended with considerable danger to pedestrians, — a danger which all people are bound to know, and against which they should protect themselves, by the use of at least reasonable caution. While, therefore, the owners of these railroads are to be held to due care in the management of their lines, they, when exercising such care, are not responsible in damages to a person who, in a careless, or reckless, or absent-minded way, walks suddenly in front of a moving car, and is injured before there is time to stop it. The person in charge of a car, with a clear track before him, has a right to assume that people will not suddenly undertake to cross in front of it; otherwise he could not make any headway, and no street-car line could be successfully operated, either for the profit of the owner or the convenience of the public. And the general rule is, that where the negligence of the injured party is a contributing proximate cause of the accident, he cannot recover damages. But whether or not his negligence did so contribute in any particular case is generally one around which conflicting evidence will be gathered; and in such case a railroad company which was itself guilty of negligence at the time of the accident cannot often expect to be relieved from an unfavorable verdict.

Section 501 of the Civil Code provides that the speed of a street-car shall not exceed eight miles an hour; and an ordinance of the city and county of San Francisco

provides (substantially) that every car shall have attached to it a bell or gong of sufficient size and weight to be distinctly heard, when rung or sounded at a distance of at least one hundred feet, and that the persons in charge of a car must keep the bell ringing, or the gong sounding, from a point twenty-five feet from a street crossing until the crossing shall have been passed.

In the case at bar, the deceased, at the time the car struck him, was walking northerly along the easterly crossing of McAllister Street where it intersects Larkin. On McAllister Street the appellant has two parallel tracks, on the northerly of which the cars going west run, and on the southerly the cars going east. The deceased was struck by a car going west, on the northerly track; and, according to the custom of appellant, a car thus going comes to a stand-still at a certain point called "Stop" which is thirty-seven feet east of the center of the said crossing. After starting again, it goes to a point called "Let go," about five or six feet east of the crossing; and at the point "Let go" the gripman suddenly releases the grip from the cable, and the car runs across Larkin Street from the impetus given by the cable, and without being attached to the latter. This is necessary, because the cable is crossed by another cable running along Larkin Street. The custom above stated was followed by the gripman of the car by which the deceased was killed.

There was some evidence that the car at the time of the accident was running faster than eight miles an hour, — though such evidence was exceedingly slight. It is admitted that the rate of speed at which the cable itself ran was only eight miles; but two of the witnesses testified that after the car was released from the cable at the point "Let go," it ran faster than the cable. The position of appellant that it was physically impossible for the car, after it was detached from the cable, to have run faster than the cable is hardly tenable; for there was a slight artificial down grade at that point for a few yards — one and seven eighths inches from the "Let go" to

the center of Larkin Street. But the testimony of the witnesses who swore to the increased speed was so unsatisfactory, and the increased speed itself so improbable, that a verdict founded on such speed alone as constituting negligence on the part of appellant could hardly be sustained.

But it is clear that the employees of appellant in charge of the car failed to ring the bell, as provided by said ordinance, and as due care required. There was a conflict of evidence as to whether or not the bell was rung at all until after the deceased was struck. Witnesses differed about it having been rung once just before or at the time the car started from the point "Stop," thirty-seven feet away; but the evidence is uncontradicted (and the fact is admitted) that the bell was not rung after leaving said point until after the deceased had been struck. This was clearly negligence, because it was in violation of a reasonable ordinance, and also because the omission was, in itself, under the circumstances, careless. (*Siemers* v. *Eisen*, 54 Cal. 418; *Higgins* v. *Deeney*, 78 Cal. 578; *Orcutt* v. *Pacific Coast R'y Co.*, 85 Cal. 291; Shearman and Redfield on Negligence, sec. 13.)

It is true that failure to ring a bell or to comply with some other statutory requirement will not make a railroad company liable, if such failure is not the proximate cause of the accident, or if it was caused by the negligence of the injured party; and in the case at bar it is contended by appellant that it was the negligence of the deceased, and not the failure to ring the bell, that caused the injury. The contention is, that, upon the evidence, we must hold, as a matter of law, that the negligence of the deceased was the proximate cause of the injury; but, after a thorough examination of the record, we do not think that such contention can be maintained.

There is a conflict of evidence as to the actual conduct of the deceased and the circumstances under which he acted at the time of the accident. He was crossing McAllister Street from the south side, going north. It is beyond dispute that about that time an-

other car of appellant came down McAllister Street, going east, and crossed said street on the south track, and stopped a few yards east of the crossing; although there is a conflict in the evidence as to the precise point which said car had reached when deceased started across the street. It was, however, clearly at a point where it was, to a greater or less extent (as it was farther east or west), an obstruction to the observation of the deceased. The jury had warrant in the evidence to find that he started as soon as the east-bound car had passed the crossing; that the time was after daylight; and that the night was "dark and foggy," although there was a head-light on the car. The two tracks are about four and one half feet apart, and the deceased had nearly crossed the second or north track when the north side of the car struck him. One or two persons shouted to him to get out of the way, but it does not appear that he heard the warning.

Under these circumstances,—the appellant being in default for not giving the proper warning,—we think that the question whether deceased was guilty of contributory negligence was a proper one for the jury; that deceased cannot be held, as a matter of law, to have been so guilty; and that there was sufficient evidence to warrant the jury in finding that he was not. Counsel for appellant, in his very thorough and able brief, has cited a number of cases in which it was held that the plaintiff could not recover, because he had not exercised sufficient caution in attempting to cross a railroad track. Those were cases, however, where the accidents occurred on ordinary steam-railroads running through the country at comparatively long intervals of time; and the rule there laid down can hardly be applied in all its strictness to street-railroads in crowded cities, where a car that can be speedily stopped passes a crossing every two or three minutes, and where people necessarily cross the streets frequently and hurriedly. (*Shea* v. *Railroad Co.*, 44 Cal. 414; *Swain* v. *Fourteenth Street R. R. Co.*, 93 Cal. 183; 1 Thompson on Negligence, 396, and

cases there cited.)   Of course, if all people exercised the greatest care and caution in approaching and crossing railroad tracks, such accidents as the one here involved would rarely, if ever, occur; but the law does not expect or require such extreme care.   Ordinary care is all that is required; and ordinary care is that degree of care which people of ordinarily prudent habits—"people in general"—could be reasonably expected to exercise under the circumstances of a given case.   And considering all the evidence and circumstances in the case at bar, and particularly the fact that the deceased had a right to rely upon the usual and required signal of bell-ringing when a car is approaching a crossing, we cannot say that the jury abused its power in holding that the deceased was not guilty of contributory negligence.   The judgment of the learned judge of the court below, who heard all the evidence and refused a new trial, is also entitled to great consideration.   It is, no doubt, what is sometimes called a "close case"; but, in our opinion, there is no such absence of substantial evidence to support the verdict as would warrant us in setting it aside.

There is nothing in the point that the gripman could not have rung the bell, because his hands were necessarily otherwise engaged.   If it was not convenient for him to have performed that duty, the conductor should have done it; and it was no excuse that the conductor was temporarily absent from his post.   Neither is there anything in the point that the ordinance requires, in terms, that the persons immediately in charge of the car, and not the company, shall give the warning.

The judgment and order appealed from are affirmed.

FITZGERALD, J., and DE HAVEN, J., concurred.

Hearing in Bank denied.