[Civ. No. 1626.    First Appellate District.—August 24, 1915.]

MARIE ARBUNICH, as Administratrix of the Estate of MARTIN ARBUNICH, Deceased, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Appellant.

NEGLIGENCE—AMENDMENT DURING TRIAL—DISCRETION NOT ABUSED.— Where in an action against a street-railroad company to recover damages for the death of plaintiff's husband, the right to recovery is based upon the general allegation that the defendant was careless and negligent in the running and operation of its car at the time and place of the accident, it is not error to permit the plaintiff at the trial and during the presentation of her proofs to amend her complaint by adding to both counts thereof an averment to the effect that the car had attached to it a fender for the purpose of picking up persons who were knocked down, and that at the time of the injury to the deceased the fender was up against the car in a position where it would not operate and pick up deceased or save him from injury, notwithstanding it was also stated in the first count that the car was being operated at great speed, and in the second count that the car was so operated after the discovery of the deceased in his position of danger.

ID.—CONTRIBUTORY NEGLIGENCE—CONFLICT OF EVIDENCE—QUESTION FOR JURY.—Where in such an action the evidence is clearly conflicting as to the speed at which the defendant's car was going at and immediately before the moment of the accident, and also as to whether any warning signal of its approach was given, it is for the jury to say whether the deceased was guilty of contributory negligence in failing to observe the approach of the car and to remove himself from its pathway.

ID.—CROSSING OF TRACKS—DUTY OF PEDESTRIAN—INSTRUCTIONS.—In such an action it is not error to modify an instruction requested by the defendant that "in cases of this character the correct rule of law is that one riding or walking along or across the tracks of a street-railroad company must use reasonable care in the exercise of his faculties of sight or hearing to watch or listen for cars going in either direction," by stating that "in cases of this character the correct rule of law is that one riding or walking along or across the tracks of a street-railroad company must use reasonable care and precautions for his own safety."

ID.—POSITION OF FENDER—INSTRUCTION—SPECIAL ISSUES.—Where in such an action special issues were not submitted or requested to be submitted to the jury, it is not error to refuse to instruct them that even if they should find that the fender was not in a proper position at the time of the accident, their verdict on the issue of the position of the fender must be in favor of the defendant, unless the evidence shows that if it had been in proper position it would have prevented or mitigated the injury.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John Hunt, Judge.

The facts are stated in the opinion of the court.

Wm. M. Abbott, Wm. M. Cannon, and Kingsley Cannon, for Appellant.

Marshall Nuckolls, McGowan & Westlake, and Louis V. Crowley, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff in an action brought to recover damages for the death of her husband, Martin Arbunich, alleged to have been caused through the negligence of the defendant in the operation of one of its street-cars on Church Street in the city and county of San Francisco.

The first amended complaint was in two counts, the first alleging that the defendant "carelessly and negligently and with great speed ran and operated one of its said cars along said Church Street and into and upon said Martin Arbunich," causing his death.   The second count alleged that "As the said Martin Arbunich was engaged in walking across said tracks, and while he was exercising all due and proper care in that behalf, and without any notice or warning of any kind to said Martin Arbunich, said defendant, after discovering

the position and danger in which the said Martin Arbunich was, then and there and while being at a distance of eighty feet from said deceased, the said defendant carelessly, negligently and with great speed ran and operated one of its cars along said Church Street and into and upon said Martin Arbunich, etc.'' At the trial of the cause and during the presentation of the plaintiff's proofs the plaintiff moved the court for leave to amend both counts of her first amended complaint by adding thereto an averment to the effect that the car of the defendant which struck the deceased had attached to it a fender for the purpose of picking up and saving persons who were knocked down upon said track or street by said car; and that at the time and place of the injuries to the deceased it had carelessly and negligently placed said fender up against said car, and in a position where it would not operate and pick up or save deceased from said injury, and that by reason thereof the deceased was carelessly and negligently injured. The defendant objected to the allowance of this amendment to either count upon several grounds, but chiefly upon the ground that it was in the nature of a new cause of action which was barred by the statute of limitations. The court permitted the amendment, and also permitted the plaintiff to offer proof as to the position of the fender over the defendant's objections.

The first contention of the appellant upon this appeal is that the court erred in permitting said amendment and in admitting evidence in support of its averments.

We do not think this point well taken. In both counts of plaintiff's first amended complaint the plaintiff bases her right of recovery upon the general allegation that the defendant was careless and negligent in the running and operation of its car at the time and place of the defendant's injuries. It is true that in the first count it is also stated that the car was being operated at great speed, and that in the second count it is further averred that the car was so operated after the discovery of the deceased in his position of danger. But neither of these two averments limits, in our opinion, the scope of the plaintiff's general averment of negligence in both counts, and we are satisfied that under them the plaintiff would have been entitled to offer proofs of any negligent conduct on the part of the defendant in the running and operation of its car which either produced or aggravated the

injuries inflicted upon the deceased. The proposed amendment did not, therefore, add a new cause of action, nor even a new act of negligence not already covered by the general terms of the plaintiff's pleading; nor did it even add a contributing cause to the accident, for the collision with the decedent would have occurred whether the fender had been up or down. Its alleged position was only an incident which contributed not to the impact against the deceased, but only at most to the aggravation of his injuries. This being so, it was entirely within the discretion of the court to have permitted the amendment and whatever proofs were offered in its support.

The other objections of the defendant to the amendment and to the complaint as amended were, we think, not well taken.

The next contention of the appellant is that the court erred in overruling its motion for a nonsuit, and in refusing to direct the jury to find a verdict for the defendant at the close of the plaintiff's case.

As to the motion for nonsuit upon the first count of plaintiff's complaint, the evidence is clearly conflicting as to the speed at which the defendant's car was going at and immediately before the moment of the accident, and also as to whether any warning signal of its approach was given. In view of these conflicts, and of the fact that the presence of the deceased upon the track was not in itself an act of negligence, we are of the opinion that the question of his contributory negligence, if any, in failing to observe the approaching car and to remove himself from its pathway, was a proper question for the jury, and that the deceased, under the circumstances of this case, cannot be held as a matter of law to have been guilty of negligence. (*Driscoll* v. *Market St. Ry. Co.*, 97 Cal. 553, [33 Am. St. Rep. 203, 32 Pac. 591]; *Wahlgren* v. *Market St. Ry. Co.*, 132 Cal. 656, [62 Pac. 308, 64 Pac. 993].)

This reasoning also applies to the defendant's motion for nonsuit as to the second count in the plaintiff's complaint, with the added suggestion that the evidence is in conflict as to whether the defendant's motorman discovered or had pointed out to him the deceased in his position of danger in time to have exercised his last clear chance to have avoided

the injury, and that for this reason also the motion for non-suit as to this count was properly denied.

The refusal of the court to direct a verdict for the defendant was not erroneous for the same reasons.

The appellant's final contention is that the court erred in giving certain instructions to the jury, and also in either modifying or refusing to give certain other instructions requested by the defendant. We do not deem it necessary to review in detail all of the numerous objections urged under this head. There are, however, two main points upon which the appellant strenuously insists. The first of these refers to the alleged error of the court in modifying the following instruction requested by the defendant: "In cases of this character the correct rule of law is that one riding or walking along or across the tracks of a street-railroad company must use reasonable care in the exercise of his faculties of sight or hearing to watch or listen for cars going in either direction." The court gave the above instruction in the following modified form: "In cases of this character the correct rule of law is that one riding or walking along or across the tracks of a street-railroad company must use reasonable care and precautions for his own safety." It must be conceded that the cases cited by the appellant in support of the correctness as a matter of law of the foregoing instruction in the form requested by it sustain its contention in that regard, and that had the court refused to give said instruction or one similar to it in effect, its action in so refusing would have been reversible error, but, in our opinion, the court gave in substance and effect, although not in its requested detail, the defendant's instruction, and that the language of the court requiring persons walking across the tracks of a street railway to use reasonable care and precautions for their own safety, would suggest to the minds of the jurors as reasonable men that such care and precaution would naturally consist in the exercise of their faculties of sight and hearing.

The other ground of error in the matter of instructions to which we deem it proper to advert is the alleged error of the court in refusing to give the following instruction at the defendant's request: "Even if you find that the fender was not in proper position at the time of the accident, I instruct you that your verdict on the issue of the position of the fender must be in favor of the defendant, unless the evidence shows

that if the fender had been in proper position it would have prevented or mitigated the injuries of Martin Arbunich.'' The record in this case shows that special issues were not submitted to the jury nor requested to be so submitted. This being so, the jury could render no verdict ''on the issue of the position of the fender,'' and the foregoing instruction, in the use of those words, is sufficiently confusing and misleading to have justified the court in refusing to give it, regardless of whether it was sound otherwise as a matter of law.

The other objections which the appellant urges to the instructions of the court we do not deem of sufficient merit to require particular discussion.

Judgment affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 22, 1915.