[Civ. No. 2205.   Second Appellate District.—February 8, 1917.]

LEAH HAMMOND, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

STREET RAILROADS—CROSSING CITY STREETS—DUTY OF PEDESTRIANS.— The rule governing the duty of a pedestrian about to cross a steam railroad or an interurban electric railroad in the country does not apply in all its strictness as against pedestrians in crossing a city street.   They are required to use ordinary care, which is that degree of care which people of ordinarily prudent habits could be reasonably expected to exercise under the circumstances of a given case.

ID.—INJURY TO PEDESTRIAN—COLLISION WITH CAR—INSTRUCTION—DUTY IN CROSSING BEHIND CAR.—In an action for damages for injuries received from being struck by a street-car while crossing a city street, an instruction that a person alighting from a car and intending to cross the street behind the same is charged with the duty of

exercising ordinary care to look and listen for approaching cars before attempting to cross, and is charged with the duty of keeping up the exercise of ordinary care in looking and listening for approaching danger until the last moment, before passing from a place of safety to one of danger, and that the omission of such care constitutes negligence, and if thereby plaintiff contributes directly or proximately to the injury she cannot recover, while it might well have been given, as it is a correct statement of the law, the same rule is sufficiently and correctly stated in a given instruction that the motorman in charge of a car has the right to assume that a pedestrian in the street is in the possession of all his faculties, unless there is notice to the contrary, and will use reasonable diligence and ordinary care to avoid danger to himself, and that the failure to use such diligence and care is negligence, and that if the plaintiff negligently placed herself in a position of danger from which she was unable to escape, and the motorman of the car which struck her used every effort in his power to avoid striking her after discovering her danger, the verdict must be for defendant.

ID.—POSITION OF PERIL — DUTY OF PLAINTIFF — INSTRUCTION.—An instruction that if plaintiff found herself suddenly put into peril, without having sufficient time to consider all the circumstances, then she might be excusable for omitting some precautions or taking an immediate choice under this disturbing influence, although, if her mind had been clear, she ought to have done otherwise, and that if she found herself in imminent danger, just prior to and at the time of the collision, and at that time tried to escape the peril, and in thus doing acted as an ordinarily prudent and reasonable person would have acted under the same or similar circumstances and conditions, the jury could not find on this account that she was guilty of contributory negligence, does not purport to say that a person in sudden peril by his own negligence is relieved from the imputation of contributory negligence, but only states the principle that an unwise choice under such peril is not of itself contributory negligence, when considered with the instruction that all the instructions are to be considered by the jury in arriving at their verdict, and the instruction that if the plaintiff had failed to use such care that a person of ordinary prudence would have used under the same or similar circumstances, and such failure contributed proximately to or proximately caused the injury, the plaintiff could not recover.

ID.—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—An instruction that if the plaintiff, at the time of the accident, may or may not have been guilty of such contributory negligence as under the instructions of the court would relieve the defendant from any liability which otherwise would have attached, then before the jury could find for the defendant, it must appear further by a preponderance of evidence that plaintiff was guilty of such contributory negligence as to excuse

the defendant, which must appear from satisfactory evidence or such inferences as the jury may legally draw from the evidence, and that the jury must not speculate or guess, but their minds must be convinced, does not state the doctrine of comparative negligence, but only requires that it be established that plaintiff was guilty of such contributory negligence as to excuse defendant.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Willis I. Morrison, Judge.

The facts are stated in the opinion of the court.

Frank Karr, R. C. Gortner, and A. W. Ashburn, Jr., for Appellant.

Frank M. Fowler, T. A. Williams, Morton, Hollzer & Morton, W. O. Morton, Harry A. Hollzer, and C. B. Morton, for Respondent.

CONREY, P. J.—This is an action to recover damages for personal injuries received by the plaintiff, who was hit by a car of the defendant while she was crossing a street in the city of Pasadena. Fair Oaks Avenue runs north and south and is intersected by California Street. The defendant has a double-track railroad on each of those streets. Its interurban cars run on Fair Oaks Avenue and some of its north-bound cars turn east on California Street at that intersection. Some of its local cars run westerly on California Street from Fair Oaks Avenue. The plaintiff was a passenger coming from Los Angeles, and as such passenger she received a transfer entitling her to go west on a California Street car. The north-bound two-car train from Los Angeles, on which she was a passenger, stopped at California Street and then turned east on that street. The plaintiff alighted from the rear car of the train at a point about one hundred feet south of California Street. A west California Street car was waiting on the west side of Fair Oaks Avenue to receive passengers. This was at 6 o'clock in the evening on January 29, 1912. When she alighted from the steps of her car on the east side thereof, she looked north and saw some of the passengers at the front of the train who were moving around the front of the train to go to the California Street

car.   The plaintiff looked south and then crossed the track at the rear of her train and started to cross the westerly or south-bound track to go to the California Street car.   In so doing she did not look to the north and did not either see or hear an approaching south-bound car which was coming toward her at the rate of about twelve miles per hour.   The car was so close to her that, after coming into the place of danger, she was unable to escape, and the motorman was unable to stop the train in time to avoid striking the plaintiff.

The plaintiff alleged that the defendant was negligent in that it was moving its train at an excessive and dangerous rate of speed, and in that no warning or signal was given by·which she could be notified of the approach of the car. Although there is some conflict in the evidence, there is sufficient evidence to support the jury's finding of negligence on the part of the defendant, and we shall assume that such negligence was duly established.   The defendant, in addition to denying its own negligence, pleaded that the plaintiff did not exercise ordinary care to avoid being injured, and that her injuries were directly and proximately contributed to and caused by her own negligence.   The verdict and judgment were in favor of the plaintiff, and the defendant appeals from the judgment, as well as from an order denying its motion for a new trial.

On behalf of appellant it is insisted that the evidence proves, without conflict, that the plaintiff was guilty of contributory negligence directly causing her injury, since it is admitted by her own testimony and shown by all of the evidence in the case that she passed over from the north-bound track to the south-bound track without looking northward to see whether any car was approaching.   In order to sustain this contention it would be necessary to hold, as matter of law, that under the circumstances stated the plaintiff was negligent in failing to look to the north before she moved into the place of danger.   Whatever might be said as to the rule governing the duty of a pedestrian about to cross a steam railroad or an interurban electric railroad in the country, it does not apply "in all its strictness" as against pedestrians in crossing a city street.   Under the circumstances of this case, the plaintiff was required to use ordinary care, and that is the degree of care which people of ordinarily prudent habits could reasonably be expected to exercise under

the circumstances of a given case.   We may say here, as was said in *Driscoll* v. *Market Street Cable Ry. Co.*, 97 Cal. 553, 567, [33 Am. St. Rep. 203, 32 Pac. 591], that considering all the evidence and circumstances in the case at bar, we cannot say that the jury abused its power in holding that the deceased was not guilty of contributory negligence.   To same effect, see *Arbunich* v. *United Railroads*, 28 Cal. App. 291, 294, [152 Pac. 51].

It is claimed that the court erred in refusing to give an instruction requested by the defendant as follows: "A person alighting from a car as the plaintiff did in this case, and intending to proceed across the street behind the same, is charged with the duty of exercising ordinary care in looking and listening for approaching cars, before proceeding to attempt the crossing, and is charged likewise with the duty of keeping up the exercise of ordinary care in looking and listening for approaching danger, until the last moment before passing from a place of safety to one of danger.   The omission of such ordinary care constitutes negligence, and if thereby a plaintiff contributes directly or proximately to the injury ensuing, she cannot recover."   This instruction might well have been given, as it is a correct statement of the law.   We find, however, that in other instructions the same rule was correctly stated in sufficiently definite terms. The jury was told that the motorman in charge of a car has the right to assume that a pedestrian on the street is in possession of all his faculties, unless there is notice to the contrary, and will use reasonable diligence and ordinary care to avoid danger to himself, and that the failure to use such diligence and care is negligence.   They were also instructed: "If you find from the evidence that the plaintiff negligently placed herself in a position of danger from which she was unable to escape, and that the motorman of· defendant's car which came in contact with her, used every effort in his power to avoid striking her after discovering her danger, then your verdict must be in favor of defendant."   In *Arbunich* v. *United Railroads*, 28 Cal. App. 291, [152 Pac. 51], the appellant complained that the court erred in modifying the following instruction requested by the defendant: "In cases of this character the correct rule of law is that one riding or walking along or across the tracks of a street railroad company must use reasonable care in the exercise of his

faculties of sight or hearing to watch or listen for cars going in either direction." The court gave that instruction in the following modified form: "In cases of this character the correct rule of law is that one riding or walking along or across the tracks of a street railroad company must use reasonable care and precautions for his own safety." Discussing this matter, the district court of appeal of the first district said: "It must be conceded that the cases cited by the appellant in support of the correctness as a matter of law of the foregoing instruction in the form requested by it sustain its contention in that regard, and that had the court refused to give said instruction or one similar to it in effect, its action in so refusing would have been reversible error, but, in our opinion, the court gave in substance and effect, although not in its requested detail, the defendant's instruction, and that the language of the court requiring persons walking across the tracks of a street railway to use reasonable care and precautions for their own safety, would suggest to the minds of the jurors as reasonable men that such care and precaution would naturally consist in the exercise of their faculties of sight and hearing." The supreme court denied a rehearing in that case.

Error is predicated upon instructions 19, 25, and a part of 24, as given by the court to the jury. No. 19 is as follows: "In judging the conduct of the plaintiff, you must view the situation as it appeared to her just prior to or at the time of the accident. If she found herself suddenly put into peril, without having sufficient time to consider all the circumstances, then she might be excusable for omitting some precautions or taking an immediate choice under this disturbing influence, although if her mind had been clear, she ought to have done otherwise. If she found herself in imminent danger just prior to and at the time of the collision, and at that time tried to escape the peril, and in thus doing acted as an ordinary prudent and reasonable person would have acted under the same or similar circumstances and conditions, then you cannot find on this account that she was guilty of contributory negligence. As the court has instructed you, negligence is commensurate with the circumstances under investigation." No. 25 is as follows: "If the plaintiff, at the time of the accident, may or may not have been guilty of such contributory negligence, as under the instructions of the

court would relieve the defendant from any liability which otherwise would have attached, then before you can find for the defendant it must appear further by a preponderance of the evidence plaintiff was guilty of such contributory negligence as to excuse the defendant. This must appear to you from satisfactory evidence or such inferences as you may legally draw from the evidence, and you must not speculate or guess, for your minds must be convinced." The objection urged against instruction 19 is that it presented to the jury an irrelevant suggestion, and omitted to point out that if the plaintiff's own negligence had placed her in a position of imminent danger, then the jury might find that she was guilty of contributory negligence, even though the exercise of ordinary prudence in her efforts to escape could not then avail to save her from injury. Appellant directs attention to the fact that the case of *Schneider* v. *Market St. Ry. Co.,* 134 Cal. 483, 490, [66 Pac. 734], where the rule stated in instruction No. 25 was declared, was a case in which it appeared that the plaintiff's presence on the tracks was caused by reason of perturbation and panic induced by the negligence of the defendant, and not by his own negligence. There is force in the distinction thus pointed out by appellant. It is true, however, as suggested by counsel for respondent, that the instruction did not purport to say that a person in sudden peril by his own negligence is relieved from the imputation of contributory negligence, but only stated the principle that an unwise choice under such peril is not of itself contributory negligence, as the court said that the jury could not "on this account" find that the plaintiff was guilty of contributory negligence. While the phraseology, standing alone, may be obscure, we think that respondent's explanation of it is supported by other instructions given to the jury and which must be considered in connection with the instruction in question. The court very properly stated to the jury: "You are not to take any one part of these instructions as expressing all the law, but are to consider the whole thereof in arriving at your verdict." And they were instructed that if they believed from the evidence that the plaintiff had failed to use such care as a person of ordinary prudence would have used under the same or similar circumstances as those then under investigation, and that such failure contributed proximately to or proximately caused the injury complained of, then

plaintiff could not recover.   There was no. error in adding to this statement the last sentence of instruction No. 24, of which the defendant complains and which is as follows: "The mere fact that the plaintiff may have been careless and negligent is not of itself sufficient to excuse the defendant, if you find that her carelessness or negligence is remote in the chain of causation, and did not contribute proximately to cause the injury."   It may be, as suggested by appellant, that the quoted sentence was irrelevant under the evidence presented; but as a proposition of law the statement was correct, and we cannot see that it was likely to affect the verdict.

The additional objection urged against instruction 25 is that it suggests the idea of degrees of negligence on the part of the plaintiff and the thought that plaintiff might be guilty of some contributory negligence and yet not of such contributory negligence as to excuse the defendant; that it presents the idea of comparative negligence, whereas the law is that even slight contributory negligence on the part of plaintiff would bar her recovery.   The answer is that the instruction does not state the doctrine of comparative negligence, but only requires that it be established that the plaintiff was guilty of "such contributory negligence as to excuse the defendant"; and that other instructions correctly and sufficiently inform the jury as to what constitutes contributory negligence, and that if the plaintiff was guilty of such negligence which contributed proximately to cause the injury, the verdict must be in favor of the defendant.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.