[Civ. No. 2233. First Appellate District.—December 12, 1917.]

## MELVILLE CHRISTIE, Respondent, v. W. E. McCALL, Appellant.

NEGLIGENCE—PLEADING—SUFFICIENCY OF COMPLAINT.—A complaint in an action to recover damages for personal injuries sustained in a collision between the defendant's automobile and the plaintiff upon his bicycle sufficiently alleges negligence where it is alleged that the defendant neglected and omitted to operate his automobile so as to prevent it from running into the plaintiff and injuring him.

ID.—EXCESS OF SPEED LIMIT—DEMURRER—UNCERTAINTY—ERROR WITHOUT PREJUDICE.—In such an action error in overruling a demurrer to the complaint for uncertainty as to whether the complaint was charging the defendant with exceeding the rate of speed prescribed by the Motor Vehicle Act for observance by the driver of an automobile when approaching a sharp curve, or that applying to the crossing of intersecting streets, is without prejudice where the case went to trial and the facts were all fully developed.

APPEAL from a judgment of the Superior Court of Humboldt County. George D. Murray, Judge.

The facts are stated in the opinion of the court.

Coonan & Kehoe, for Appellant.

Pierce H. Ryan, for Respondent.

KERRIGAN, J.—This is an appeal by the defendant from a judgment in favor of the plaintiff in an action brought to recover damages for personal injuries sustained in a collision between the defendant's automobile and the plaintiff upon his bicycle, alleged to have occurred through the negligence of the defendant in the operation of his vehicle.

The first point made by the defendant for a reversal of the judgment is that the court erred in overruling his demurrer to the complaint. The complaint is in two counts, the first of which is attacked on the general ground of lack of facts, and further on the grounds of ambiguity and uncertainty in its failure to specify the particular acts constituting the negligence complained of. In this behalf this count of the complaint merely in effect alleges that the defendant neglected and omitted to operate his automobile so as to prevent it from running into the plaintiff and injuring him. Under the authorities in this state this is a sufficient allegation of negligence, for they hold that it is sufficient to charge negligence by a general averment that the defendant negligently did the particular act which resulted in the damage to plaintiff. (*Rathbun* v. *White,* 157 Cal. 248, 254, [107 Pac. 309]; *Arbunich* v. *United Railroads,* 28 Cal. App. 291, [152 Pac. 51]; *Smith* v. *Buttner,* 90 Cal. 95, 99, [27 Pac. 29]; *Stein* v. *United Railroads,* 159 Cal. 368, [113 Pac. 663].)

A demurrer on the same grounds is entered against the second count of the complaint. This count includes all of the allegations contained in the first count, and an additional allegation that the defendant was turning at the intersection of two streets at a greater rate of speed than one mile in four minutes. This is the rate of speed prescribed by the Motor Vehicle Act for observance by the driver of an automobile when approaching a sharp curve, while when traversing intersecting streets no specific limit of speed is prescribed, but the driver is held down to that rate "which is reasonable and proper having regard to the traffic then on such highway and the safety of the public." As it also appears from this count of the complaint that the accident occurred at the intersection of two streets, the uncertainty and ambiguity aimed at by the special demurrer is as to whether the complaint is charging the defendant with exceeding the rate of speed prescribed for one approaching a sharp curve, or that applying to the crossing of intersecting streets. But since the case went to trial

and the facts were all fully developed, we think this case falls within the rule followed in the case of *Stein* v. *United Railroads, supra,* where, in dealing with the same question, namely, whether it was error to overrule a demurrer for uncertainty, the supreme court said: "Even if it were error . . . to overrule the demurrer for uncertainty, it was error without prejudice unless the demurring party was misled by defects in the pleadings and the case was not fairly tried on the merits. Here it appears that the issues were fully, fairly and understandingly tried."

The main contention of the appellant is that the evidence is insufficient to sustain the verdict of the jury. The facts are briefly as follows: In the city of Eureka, C Street runs north and south, and Cedar Street runs east and west, intersecting C Street but terminating on the east side thereof. On the day of the accident plaintiff was riding a bicycle southerly along the westerly (right) side of C Street, and when he came to the northerly line of Cedar Street he deflected his course so as to proceed diagonally in a southwesterly direction in order to reach the sidewalk at the southwest corner of C and Cedar Streets. As he neared this corner the defendant was on Cedar Street approaching C Street from the west, and was about half a block away, and, being late for an engagement, was driving "pretty fast." When the plaintiff, propelling his bicycle at a slow rate of speed, had reached a point three or four feet from the curb at the corner indicated the defendant, without reducing the speed of his car, in attempting to turn said corner, collided with plaintiff's bicycle, and plaintiff sustained the injuries for which he recovered in this action. From the force of the blow plaintiff was rendered unconscious, and was unable later when testifying as a witness to say that he had looked down Cedar Street to learn whether or not he could cross the intersection of said streets in safety before attempting to do so; but from the testimony of a disinterested witness, who was near the scene of the collision at the time of its occurrence, it appears that immediately before it happened the plaintiff recognized and bowed to her, and in doing so was looking in the general direction from which defendant was approaching, and doubtless saw him, and must have believed that he would so operate the car as to avoid colliding with him. The defendant's view of the plaintiff was unobstructed, and there is

no good reason why he should not have done so. In fact, the defendant admitted that he saw the plaintiff in plain view before the accident, but said that he was late for an engagement and was hurrying to keep it. He did not sound his horn or give any other warning of his hurried approach, and there is some intimation in the record that he became excited and lost control of his machine. If plaintiff saw the defendant approaching he evidently believed that if he intended to turn into Cedar Street and proceed southerly he would so operate his car as to avoid running into him. In any event we think the evidence was sufficient to leave it to the jury to say if the collision was caused by the negligence of the defendant, and they having so determined, we will not interfere with their conclusion.

The judgment is affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 9, 1918.