[L. A. No. 1030.   Department Two.—November 8, 1902.]

## HENRY C. CAMPBELL and ADDIE A. CAMPBELL, Respondents, v. LOS ANGELES TRACTION COMPANY, Appellant.

NEGLIGENCE—COLLISION WITH STREET-CAR—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.—In an action for injuries sustained from collision of an electric street-car with the wagon of plaintiffs, where the jury were justified in finding that the car was running at a dangerous and unlawful rate of speed, and where the evidence was conflicting as to the distance of the car when the wagon began to cross the track, and there was evidence tending to show that the driver believed he had plenty of time in which to cross the track, the question of contributory negligence is not one of law, but one of fact for the jury.

ID.—ATTEMPT TO CROSS STREET RAILROAD.—With respect to a street railroad, where the same character of care is not demanded as in case of a steam railroad, the mere fact that a person attempts to cross the street-railway track when a car is seen to be approaching does not of itself constitute contributory negligence. A person in close proximity to an approaching street-car might walk or drive in front of it so suddenly as to be clearly guilty of contributory negligence; but ordinarily the question whether or not he was negligent in attempting to cross, under the circumstances of the case, is for the jury.

ID.—DAMAGES—AGGRAVATION OF DISEASE—PLEADING.—All physical suffering and injury caused by violence to the person, including the aggravation or hastening of the development of a pre-existing disease, are the natural and direct consequences of the wrong, and may be recovered as general damages, without special pleading.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.   Frank F. Oster, Judge presiding.

The facts are stated in the opinion of the court.

E. H. Lamme, and E. E. Millikin, for Appellant.

C. C. Wright, and Oscar C. Mueller, for Respondents.

McFARLAND, J.—This action was brought by plaintiffs, who are husband and wife, to recover damages for alleged injuries to the person of the wife. The verdict and judgment were for plaintiffs in the court below. Defendant appeals from an order denying its motion for a new trial.

Appellant contends for a reversal on the grounds that, upon the evidence, plaintiffs were, as a matter of law, guilty of contributory negligence which precludes a recovery; but this contention cannot be maintained. Appellant was at the time mentioned in the complaint operating an electric street railroad in the city of Los Angeles on a street in that city called Third Street, which was a public highway, and upon which it had two tracks running easterly and westerly. On the twenty-seventh day of October, 1898, plaintiffs were riding in a two-horse wagon on said Third Street, when their wagon was struck and overturned by a moving car of appellant and the plaintiff Addie injured. A short time before the collision the respondents had been driving easterly along the northerly side of the street close to the southerly track, but had turned to the south to cross the latter track, and were upon and nearly across it when appellant's car, coming along said southerly track from the west, struck the rear part of the wagon and threw respondents out, and thus injured the wife. The jury had the right, upon the evidence, to find that appellant was guilty of negligence in running the car at the time of the collision at a dangerous and unlawful rate of speed; but appellant contends that respondents were also guilty of contributory negligence in attempting to cross the southerly track in front of an approaching car, and that this must be taken to be so, under the evidence, as a matter of law. Of course, in a case like this there may be undisputed facts from which the legal conclusion of contributory negligence necessarily follows; and this may be so when the collision happens on a street railroad. But, as has been frequently held by this court, the same *character* of care is not demanded of one crossing a street railroad where cars are frequently passing at a slow rate of speed and can be easily controlled as is

demanded of one crossing an ordinary steam railroad running through the country, on which heavy trains difficult to control go at stated times with great speed. With respect to a street railroad, the mere fact that a person attempts to cross it when a car is seen to be approaching does not of itself constitute contributory negligence. Of course, one in close proximity to an approaching street-car might walk or drive in front of it so suddenly as to clearly be guilty of contributory negligence; but ordinarily, whether or not he was negligent in attempting to cross, under the circumstances of the case, is a question for the jury. And this was so, we think, in the case at bar. The respondents were only two or three feet from the southerly track when they turned to cross it. Their horses were going at a trot, and they could have crossed in a few moments. The respondent Henry, who was driving, testified that upon turning he looked back and saw the car at a point about 450 feet distant; that he thought he "had plenty of time" to cross, and that his team was "still trotting when I crossed the track," and he did not check them up; that afterward, when his wife told him to hurry up or they would be caught, he whipped his team. Appellant's contention that, owing to certain other evidence, the jury should not have believed the witness as to the distance of the car when he turned to cross cannot be maintained. The evidence on this point is clearly conflicting. Our conclusion on this point, therefore, is that, upon the evidence, the contributory negligence alleged does not result as a matter of law, but that whether respondents, under the circumstances, were guilty of such negligence was a question for the jury, and that their finding on that issue cannot be here disturbed.

The only other question calling for special notice arises on an instruction given to the jury, which appellant claims to have been erroneous, and which is as follows:—

"If you find from the evidence that the plaintiff received the injury complained of, by reason of defendant's negligence, alleged in the complaint, and at the time of the reception of said injury the plaintiff was suffering from some disease; and you further find that said injury hastened the development of such disease, and that thereby, without the fault of plaintiff, her present condition, whatever you may find that to be, has resulted from such injury, then I instruct you that

the plaintiff is entitled to recover such damages as you may determine she has sustained from the injury.''

This instruction was not erroneous. The main objection to it is, that this instruction allows the jury to give special damage, which was improper, because such special damage was not averred in the complaint. The evidence as to the woman having a particular disease was introduced by appellant, and not by respondents; and therefore it is not clear how, under any view, the question of pleading arises. But, waiving that question, the thing involved was not special damage requiring special averment, although appellant cites two or three cases which seem to support its contention. Physical suffering and injury caused by violence to the person are the natural and direct consequences of the wrong, and are not in the nature of special damage, which must be particularly averred. The latter arises only where damage is sought for indirect consequences which are not the natural and usual result of the wrong, as loss of service, particular damage caused by slander, etc. The liability of one who commits an assault and battery or other unlawful violence to the person of another is not to be measured by the physical strength of the party injured or his capacity to endure suffering. One of weak physical structure or small vitality, or in ill-health, has as much right to protection from violence as a robust athlete; and in either case the physical injury, the bodily harm, which is actually caused by the violence, whether he be strong or weak, healthy or sickly, is the natural consequence of the wrong, and need not be specially averred. The law on this subject is correctly stated in Sedgwick on Damages (sec. 111, 8th ed.), as follows: ''For instance, an assault and battery may directly result in pain and bruises, and in the aggravation of a pre-existing disease. These are the *direct results of the battery.* It may also result in the loss of time, expense of medical attendance, and loss of a business situation. These are, perhaps, direct results of the illness caused by the battery, but they are the indirect results of the battery itself.'' The subject is fully discussed in *Heirn* v. *McCaughan,* 32 Miss. 17, and in the notes to that case in 66 Am. Dec. 588. In that case the court say: ''The condition of the plaintiff's health is not alleged to be the special ground of the wrong, but it was proved on the trial as a circumstance of

aggravation of the wrong, and to show how grievously the act, which was wrongful in itself, operated to the bodily distress of the plaintiff and his wife. This was entirely competent under the pleadings: Sedgwick on Damages, 210." The same rule was substantially announced by this court ·in *Sloane* v. *Southern Cal. Ry. Co.*, 111 Cal. 668. In that case a female passenger was wrongfully expelled from the cars, and the court held that "evidence is admissible, to show her nervous condition, and that she was subject to insomnia and nervous shock and paroxysms if placed under great mental excitement, and that by reason of the excitement connected with the humiliation of her expulsion from the car there had been a recurrence of the insomnia and nervous paroxysms"; and further the court said: "It is immaterial whether the defendant or its agents knew of the susceptibility of the plaintiff to nervous disturbance, and it is not for the defendant to say that, because it did not or could not in fact anticipate such a result of its negligent act, it must be exonerated from liability for such consequences as ensued; and it must be taken to know and contemplate all the natural and proximate consequences, not only that certainly would, but that probably might, flow from its wrongful act." (We quote from the *syllabus*, which correctly states the decision.)

The court did not abuse its discretion in refusing to grant a new trial upon the ground of newly discovered evidence. There are no other points made by appellant which are tenable or which need discussion.

The order appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.