[Civ. No. 4683. First Appellate District, Division Two.—November 17, 1923.]

## CHRIST HANSEN, Appellant, v. MARKET STREET RAILWAY COMPANY (a Corporation), et al., Respondents.

[1] NEGLIGENCE—PEDESTRIAN STRUCK BY STREET-CAR—PILING OF DIRT NEAR TRACKS—ERRONEOUS NONSUIT.—In this action for damages for personal injuries sustained by plaintiff as the result of having been struck by a street-car while passing around a pile of dirt thrown up in the street by the defendant water company without leaving sufficient passageway as required by municipal ordinance, as a jury might have drawn a reasonable conclusion that the negligence of the water company in maintaining the pile of dirt so close to the railroad track was a concurring cause of the injury to plaintiff, the trial court committed error in granting a nonsuit in favor of the water company.

[2] ID.—KNOWLEDGE OF PRESENCE OF DIRT PILE—ATTEMPT TO SKIRT—CONTRIBUTORY NEGLIGENCE.—Plaintiff having had no knowledge of the extent or position of the dirt pile or of its proximity to the street-car track, the mere fact that he had noticed the dirt piled upon the street in the morning of the day of the accident, at which time he had passed by on the sidewalk, which was not then barricaded, did not charge him with such knowledge as would make his attempt to skirt the dirt pile negligence as a matter of law. He had a right to assume that the water company would not leave the street in a dangerous condition, but would allow a safe passageway for those having occasion to use the sidewalk but who were forced to walk upon the street because of the blockade.

[3] ID.—FAILURE OF PEDESTRIAN TO LOOK BACKWARD—CONTRIBUTORY NEGLIGENCE.—The failure of plaintiff to look backward to see if a car was approaching before proceeding along the track around the pile of dirt did not convict him of contributory negligence as a matter of law.

[4] ID.—FAILURE TO GIVE WARNING OF APPROACH OF CAR—ERRONEOUS NONSUIT.—The evidence having been such that the jury might properly have believed that the person in charge of the street-car gave no warning of its approach and that plaintiff only became aware of the proximity of the street-car when it was almost on top of him, when he had no time to cross the track to a place of

3. Duty to look and listen before crossing tracks of electric road, notes, 3 Ann. Cas. 334; Ann. Cas. 1915B, 690; 15 L. R. A. (N. S.) 254; 23 L. R. A. (N. S.) 1224.

safety, and have concluded that the failure of the railway company to sound timely warning, as required by ordinance, jointly with the act of the water company in blocking the street and sidewalk, proximately caused the injury to plaintiff, the trial court should not have granted the nonsuit in favor of the defendant railway company.

[5] ID.—RIGHT TO EXPECT WARNING—CONSIDERATION BY JURY—CONTRIBUTORY NEGLIGENCE.—One driving a vehicle over or in proximity to a street railroad track has a right to expect and rely upon some warning to be given him by the motorman of a car approaching from behind, and this right should be taken into consideration by a jury as an element in determining the question of contributory negligence on the part of a plaintiff.

[6] ID.—CONCURRENT NEGLIGENCE — ACTION — PARTIES.—Where direct personal injury is occasioned by the separate but concurrent negligence of two parties at one and the same time, an action will lie against one and all of them.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Reversed.

The facts are stated in the opinion of the court.

A. P. Dessouslavy for Appellant.

William M. Abbott, K. W. Cannon, Cyril Appel, W. Lindley Abbott, H. S. Young and R. G. Hudson for Respondents.

LANGDON, P. J.—This is an appeal from a judgment of nonsuit in an action for personal injuries sustained by plaintiff and alleged to have been proximately caused by the negligence of defendants.

The facts appearing from the evidence are in part as follows: Defendant Market Street Railway Company operated a single-track cable railway along the center of Sacramento Street from the Embarcadero to Drumm Street, and beyond, on which its cars traveled westerly. Prior to the accident defendant Spring Valley Water Company had excavated a trench about five feet wide and six to eight feet deep on the north side of Sacramento Street, which commenced about two feet east of Drumm Street and extended easterly some thirty feet. The dirt from the trench was piled upon the south side thereof and at the time of the acci-

dent the pile came to a point less than a foot from the northerly rail of the car tracks and to the northerly edge of the running-board of the cable cars. The pile was thirty feet long and about five or six feet high. At the time of the accident the Water Company had not placed any lights on the top of the pile, or at any place where light could be thrown on its southerly side. This work of excavation was being done by the Water Company without a permit from the board of public works in violation of an ordinance of the city and county of San Francisco (Ordinance No. 1461, N. S.). Furthermore, the position of the dirt pile, less than a foot away from the car track, was also violative of said ordinance of the city and county of San Francisco, which provided that "in no case shall they [materials and appliances] be placed within four feet six inches of the outer rail of any street railroad track."

On the afternoon of October 22, 1921, plaintiff, a man then about seventy-three years of age, left his residence at the Scandinavian Sailors' Home on the east side of Drumm Street, between Clay and Sacramento, to go to Alameda, California. He proceeded along the sidewalk (which was then open) on the north side of Sacramento Street on his way to the Ferry building. He attempted to return to his residence about 9 o'clock upon the same evening. Upon leaving the Ferry building he walked along the northerly sidewalk on Sacramento Street until he reached a point about forty feet easterly from Drumm Street, where he found that a barricade had been thrown across the sidewalk. He did not then know and had no means of knowing the position of the dirt with relation to the car track. Because of the barricade across the sidewalk plaintiff left the sidewalk and skirted the dirt pile, looking for a passage to go through until he came to the easterly end of said pile, when he again turned westerly toward Drumm Street, walking along the south side of the dirt pile, with his left foot on the northerly rail of the car track and his right foot in the dirt. The south side of the street was obstructed by a line of dirt wagons which came to about five feet of the southerly car rail. Plaintiff had thus walked halfway along the pile— some fifteen feet—when he heard the noise of a cable car approaching him from behind. No warning bell had been sounded by the motorman and plaintiff was not made aware

of the proximity of the car until, as he testified, it was almost "on top" of him, or within three or four or five feet of him, when the noise incidental to the operation of the car arrested his attention. Plaintiff explained upon the witness-stand that as the street-car with its running-board was about six feet wide and traveling faster than he could move, he could not cross the track to the south side thereof—a place of safety—and so he attempted to get off the track upon the north side by climbing upon the piled-up dirt which blocked his escape. He attempted to climb upon this pile of dirt because the Water Company had not left sufficient space between the track and the dirt upon which he could stand. He succeeded in getting partly up the dirt pile, which was several feet high and sloped away from the track. The front of the car passed plaintiff, but before the car had cleared him the dirt slid and he was brought into such a position that he was struck by the side of the moving street-car, sustaining severe injuries.

Plaintiff testified that before leaving the sidewalk he did not look toward the Ferry building to see if a cable car was approaching on Sacramento Street, because he did not intend to cross the street, but merely intended to find a passage through the dirt pile. Because of the position of the dirt pile, however, plaintiff found no place along which he could proceed westward until he had reached the northerly rail of the street-car track.

Upon substantially these facts the trial court granted the motions of defendants for nonsuits. Appellant contends that the order granting the motions for nonsuits was improperly made, as the facts hereinbefore set forth warrant a finding by a jury that the defendant Water Company was negligent in creating a nuisance in dangerous proximity to the car track in violation of an ordinance and that the defendant Railway Company was negligent in failing to maintain a lookout and to give plaintiff timely warning and notice of the approach of the car, as required by ordinance, and in failing to stop the car after discovering plaintiff's position of danger so as to afford him an opportunity of placing himself in a position of safety, and that the plaintiff's injuries were proximately caused by such concurring negligence upon the part of both defendants.

[1]    It seems to us that a jury might have drawn a reasonable conclusion that the negligence of the defendant Water Company in maintaining a dirt pile so close to the railroad track in violation of law was a concurring cause of the injury to plaintiff. Said defendant had blocked the sidewalk, thus requiring pedestrians either to cross the street or to skirt the dirt pile and proceed upon their way along its southern edge. Plaintiff chose to do the latter and no contention is made that his action in selecting this route was negligent as a matter of law. [2]    Plaintiff had no knowledge of the extent or position of the dirt pile or of its proximity to the street-car track, and the mere fact that he had noticed the dirt piled upon the street when he left his home to go to Alameda in the morning does not charge him with such knowledge as would make his attempt to skirt the dirt pile negligent as a matter of law. (*Meindersee* v. *Meyers,* 188 Cal. 498, 502 et seq [205 Pac. 1078].) Plaintiff had the right to assume that the defendant Water Company would not leave the street in a dangerous condition, but would allow a safe passageway for those having occasion to use the sidewalk who were forced to walk upon the street because of the blockade erected by said Water Company. (*Meindersee* v. *Meyers, supra.*) Had said defendant, in obedience to the mandate of the ordinance, left a clear space of four and a half feet between its dirt pile and the north car rail, plaintiff might have proceeded upon his way in safety. Had such a distance been left free to plaintiff, when he heard the car close to him, he could have stepped to the north into a place of safety; but under the existing conditions the only egress from the track which was open to him in the short time available was blocked unlawfully by said defendant. Plaintiff had no choice but to take his chance and climb upon the dirt pile, with the result already narrated. Since a jury might have found the defendant Water Company to have been guilty of negligence proximately contributing to plaintiff's injury, the order granting said defendant's motion for a nonsuit was improperly made.

We now come to a consideration of the evidence with reference to the liability of the defendant Railway Company. [3]    We shall eliminate at the outset the contention of respondents that plaintiff was guilty of negligence as a matter of law in failing to look toward the Ferry building

for an approaching car before stepping upon the track.  It is important in this connection to recall that plaintiff testified that he did not look toward the Ferry building to discover an approaching car, if any, because he did not intend to cross the street.  He expressed his belief that the Water Company should have left a place for one to walk between the dirt obstruction and the track.  It is fair to assume from his testimony that he expected to find the pile of dirt at a safe distance from the track, as required by law; and had he found this space clear and proceeded along it, there would have been no necessity for him to look behind for an approaching car.  But quite apart from these considerations, we do not think that plaintiff's failure to look for this car convicts him of contributory negligence as a matter of law.  In the case of *Bidwell* v. *Los Angeles etc. Ry. Co.*, 169 Cal. 780 [148 Pac. 197], it was said: "The failure of a person to look or listen for an approaching car before crossing a street-car track in a city is not always and under all circumstances an act of negligence.  (Citing cases.) According to the authorities above cited, the failure of plaintiff to look and listen, if it is assumed that he did fail, was therefore not, as matter of law, negligence on his part, but at most, a question to be determined by the jury."

In the case of *Mann* v. *Scott*, 180 Cal. 550 [182 Pac. 281], it was said: "There is no positive duty to stop, look, and listen, when a pedestrian is about to cross a city street." (To the same effect, see, also, *Driscoll* v. *Market Street Cable Ry. Co.*, 97 Cal. 553 [33 Am. St. Rep. 203, 32 Pac. 591]; *Runnels* v. *United Railroads*, 175 Cal. 528 [166 Pac. 18]; *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125]; *Park* v. *Orbison*, 43 Cal. App. 74 [184 Pac. 428]; *Blackwell* v. *Renwick*, 21 Cal. App. 131 [131 Pac. 94].)

[4]  Our only consideration, then, is whether or not, from any of the facts and circumstances appearing in the record, a jury might have found, properly, that the Railway Company was guilty of negligence.  The negligence with which the appellant seeks to charge this defendant is its failure to sound a warning at a time which would have allowed the plaintiff to cross the track to a place of safety on the north side thereof.  An ordinance of the city and county of San Francisco was pleaded, providing: "The motorman, gripman or other person in charge of a car in

motion must always, by ringing the bell or striking the gong on such car, give timely warning of the approach of such car to pedestrians, drivers of vehicles and others who may happen to be on or about to cross the track in front of such car." (Sec. 19 of Ordinance 581 [N. S.], approved Oct. 23, 1908.) What is "timely" warning would be a question of fact under all the circumstances of the case and would present a question for a jury. In view of the fact that a jury might have believed from testimony appearing in the record that no warning of any kind was sounded and that plaintiff only became aware of the proximity of the street-car when it was "almost on top of him" or within three or four feet from him, when he had no time to cross to a place of safety, we think the jury might have concluded, reasonably, that the failure of the defendant Railway Company to sound a timely warning as required by ordinance, jointly with the negligence of the Water Company in blocking the space on the north side of the track, proximately caused the injury to the plaintiff.

In the case of *Fujise* v. *Los Angeles Ry. Co.*, 12 Cal. App. 207, 216 [107 Pac. 317, 321], it was said: "Seeing a man driving along the track, the motorman may assume that he will turn aside and out of the way of the car, but he cannot rest on the assumption so long as to allow his car to reach a point where it will be impossible for him to control his car or give warning in time to prevent injury to the man or vehicle."

[5] That one driving a vehicle over, or in proximity to a street railroad track has a right to expect and rely upon some warning to be given him by the motorman of a car approaching him from behind and that this right should be taken into consideration by a jury as an element in determining the question of contributory negligence on the part of a plaintiff is established in this state. (*O'Connor* v. *United Railroads*, 168 Cal. 43, 49 [141 Pac. 809].)

We think the question of whether or not the negligence of the defendants proximately caused the injury to the plaintiff was one for a jury, which might have found, properly, upon the testimony that the defendants were guilty of concurring negligence, proximately causing the accident and injury to the plaintiff. [6] "Where direct personal injury is occasioned by the separate but concur-

rent negligence of two parties at one and the same time, an action will lie against one and all of them.'' (*Doeg* v. *Cook*, 126 Cal. 213, 218 [77 Am. St. Rep. 171, 58 Pac. 707, 708].)   See, also, *Keiper* v. *Pacific Gas & E. Co.*, 36 Cal. App. 362, 368 [172 Pac. 180]; *Lininger* v. *San Francisco etc. R. R. Co.*, 18 Cal. App. 411, 420 [123 Pac. 235]; *Muller* v. *Hale*, 138 Cal. 163, 168 [71 Pac. 81].)

The judgment is reversed.

Nourse, J., and Sturtevant, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 16, 1924.