[Civ. No. 6082. First Appellate District, Division Two.—May 15, 1928.]

ETHEL COLLINS, as Executrix, etc., Respondent, v. CALIFORNIA STREET CABLE RAILROAD COMPANY (a Corporation), Appellant.

Wright & Wright & Stetson and Randell Larson for Appellant.

Gerald C. Halsey and Frederic T. Leo for Respondent.

NOURSE, J.—Plaintiff sued for damages for personal injuries caused by his being struck by a cable car operated by the defendant. The cause was tried before a jury and resulted in a verdict for the plaintiff in the sum of $3,335. From the judgment following the verdict the defendant has appealed upon a bill of exceptions.

Testimony of the eye-witnesses to the accident is somewhat conflicting, but the verdict of the jury having favored the plaintiff it is necessary on this appeal to take the facts as

they appear in the testimony most favorable to him. Pursuing this course we find the plaintiff, a man of seventy-one years of age, was attempting to cross California Street at its intersection with Van Ness Avenue at about 2 o'clock in the afternoon, passing from the northwesterly to the south-westerly corner; that before leaving the sidewalk on the northwesterly corner of this intersection he looked in both directions and saw an east-bound cable car approaching on the southerly track but did not see any car approaching on the northerly track from the east; that as he approached the northerly rail of the double tracks of the company he again looked in both directions but saw no car approaching from the east. The east-bound car had then stopped at the intersection with Van Ness Avenue and plaintiff walked over to a point between the two lines of track and stopped approximately at the middle of the standing car, as he was unable to pass behind it because an automobile which had been following behind this car blocked his passage. Plaintiff stood in this position in a space between the two sets of rails of six feet one inch, but which was narrowed to two feet one inch when cars were passing each other on the two sets of rails. While standing in this position the east-bound car started on its way and plaintiff turned his position slightly to the west in order to observe the automobile which was closely following this car. While standing in this position he was struck by a west-bound car and thrown violently to the pavement, causing the injuries for which he sued.

The theory of the plaintiff is that he thus stood in a position of danger because of the east-bound car having stopped at the intersection and because of the automobile closely following it, and that while in this position of danger the defendant's agent operating the west-bound car, though he observed plaintiff's perilous position before he started to cross Van Ness Avenue (a distance of 125 feet), nevertheless continued on his way without stopping until after the plaintiff had been struck. It is the theory of the defendant that its agent was not negligent in the operation of his car and that plaintiff was guilty of contributory negligence, but in answer to this the plaintiff argues that the defendant's agent could have avoided the accident if he had en-

deavored to do so and that the last clear chance doctrine must be applied.

It is true as pointed out by appellant that from the time that the motorman observed respondent he sounded the gong upon his car and that as he continued to proceed over Van Ness Avenue he started shouting at the respondent and continued an "extra loud ringing of the gong." It is in the testimony of appellant's witnesses that the respondent either stepped back or fell back against the west-bound car, but this is contradicted by the testimony of a passenger on this same car who was called by the appellant. It is argued that the respondent must have been struck by the running-board of the east-bound car and thus thrown back in the path of the west-bound car, but there is no evidence in the record to support the argument. On the other hand the physical facts would show to the contrary, as the bruises suffered by the respondent were upon the left side of his left leg and ankle, whereas if he had been struck by the east-bound car some bruise would have appeared on his right side. Upon the issue of contributory negligence the respondent is shown to have looked in both directions before he crossed the street and to have taken a position which he assumed to be free from danger, and the court cannot say that it was his duty to look in any particular direction at any particular moment or that if he had so looked he could have escaped from the danger which was approaching. Cases of this kind which depend so much upon the surrounding circumstances are properly left to the jury for the determination whether in view of all those circumstances the party has exercised the care which a reasonable man would have exercised in the same position. The general rule is that when the question of contributory negligence is one upon which reasonable minds might differ it is one of fact which must be left to the jury and not one of law for the court. (*Erdevig* v. *Market Street Railway Co.*, 203 Cal. 367 [264 Pac. 252]; *Du Val* v. *Boos Bros. Cafeteria Co.*, 45 Cal. App. 377, 380 [187 Pac. 767].)

But the respondent argues that, assuming his contributory negligence, the appellant is nevertheless liable under the last clear chance doctrine. The evidence is that respondent had assumed a position between the tracks which he kept without change until struck down by the west-

bound car of appellant and that appellant's motorman saw respondent in this position and recognized his danger at a point 125 feet distant. It is a fair inference from all the evidence that the motorman realized that the respondent was not aware of his danger because, in addition to the usual sounding of the gong on his car, he continued to shout to the respondent to warn him of this danger. The unbroken line of authorities supports respondent's position that the last clear chance doctrine applies ''where the injured party by his own negligence has placed himself in a position of danger from which he cannot extricate himself, or of which he is obviously unconscious, and the defendant, seeing or knowing his peril, or seeing or knowing facts from which a reasonable man would believe him to be in peril, and being able by the use of ordinary care to avoid injuring the plaintiff in his perilous position, fails to use such care and thereby causes the injury.'' (*Arnold* v. *San Francisco-Oakland T. Rys.*, 175 Cal. 1, 4 [164 Pac. 798] ; *Harrington* v. *Los Angeles Ry. Co.*, 140 Cal. 514, 521 [98 Am. St. Rep. 85, 62 L. R. A. 238, 74 Pac. 15] ; *Atkins* v. *Bouchet,* 86 Cal. App. 294 [260 Pac. 828] ; *Darling* v. *Pacific Electric Ry. Co.*, 197 Cal. 702, 707 [242 Pac. 703] ; *Palmer* v. *Tschudy*, 191 Cal. 696, 700 [218 Pac. 38] ; *Berguin* v. *Pacific Electric Ry. Co.*, 203 Cal. 116 [263 Pac. 220].)

The appellant assigns as error the ruling of the trial court in striking out the answer of the motorman of the west-bound car as to what he thought the respondent was going to do when he saw him standing between the rails, and also the answers of this and another witness that it was a matter of frequent occurrence to see pedestrians standing in safety between the tracks as cars passed going in opposite directions. We see no error in these rulings. The fact that the motorman of the west-bound car gave such vociferous warnings of his approach supported the inference that he knew the respondent was in a perilous position and likely to be struck by his approaching car while his statement that he *thought* that the respondent was intending to board the east-bound car merely created an inconsistency with his positive testimony of what he saw and knew. The frequency or infrequency of pedestrians safely standing between the passing cars was of course not an issue in the case. The evidence clearly disclosed that the respondent

was not standing in this position of safety but that he was standing in the path of the west-bound car.

Criticism is made of the action of the trial court in modifying proposed instructions and in refusing to give an instruction proposed by the appellant covering the degree of care required by the respondent in crossing this street. We have examined all the instructions given, as well as those proposed by the appellant and refused, and are satisfied that the jury was fully and fairly instructed and that there is no error in the record.

Judgment affirmed.

Koford, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 12, 1928.

All the Justices present concurred.