[Sac. No. 4463. In Bank.—March 20, 1931.]

MARY PERRY, Respondent, v. PORTER McLAUGHLIN
et al., Appellants.

(1)

4

Irving D. Gibson for Appellants.

Butler, Van Dyke & Desmond and Butler, Van Dyke, Desmond & Harris for Respondent.

THE COURT.—At the time the petition for a transfer of this cause was before this court after decision thereof by the District Court of Appeal, there were under submission to this court one or more cases in which the applicability of section 141¾ of the California Vehicle Act, often referred to as the "Guest Law", enacted in 1929 [Stats. 1929, p. 1580] to cases of the character of the instant case was under consideration. Said section in effect provides that a guest in a vehicle may not recover for personal injuries, based upon ordinary negligence of the driver of said vehicle, and in the cases mentioned, as well as in the present action, counsel contended that said section of the California Vehicle Act was retroactive in its scope and applied to all cases pending at the time of its enactment, wherein the judgments had not become final. For this reason the petition for a transfer was granted. ▪ Since then it has been definitely established by the decisions of this court, and particularly by that rendered in the case of *Callet* v. *Alioto,* 210 Cal. 65 [290 Pac. 438], that said section of the California Vehicle Act does not apply to or in any way affect actions for damages for personal injuries pending at its effective date.

As the decision of the District Court of Appeal in this action is in harmony with the recent decisions of this court on that subject we hereby adopt the same as the opinion of this court. The original opinion of the District Court of Appeal was written by Hon. F. M. Jamison, sitting as a justice *pro tempore,* and is as follows:

"This is an appeal from a judgment in favor of respondent, upon a verdict of a jury in an action for damages for injuries alleged to have been sustained by respondent while riding as a guest of appellants in an automobile owned

by appellant Porter McLaughlin, and operated by appellant Pauline McLaughlin at the time of the accident that caused the injuries. Also, an appeal from the orders of the court denying motions of appellants for a new trial, and for judgment notwithstanding the verdict.

"Appellants are husband and wife, and were such on the 15th day of May, 1927. On that day appellant Pauline McLaughlin invited respondent to attend at the St. Francis Church, in the city of Sacramento, to witness the ceremony of the first communion of appellants' eldest daughter. At the conclusion of the ceremony, the daughter not being ready to leave the church, appellant Porter McLaughlin wished to drive out to the Del Paso Country Club and invited respondent to accompany himself and wife in his automobile. Respondent accepted the invitation and got in the automobile. Upon arriving at the Country Club appellant Porter McLaughlin got out of the automobile, turned the wheel over to his wife and requested her to call for him later in the day. Appellant Pauline McLaughlin then started to drive back to the said church where she had left her daughter, returning over the same road which they had just traversed in going to said Country Club. Respondent was in the back seat of the automobile, which was a Packard sedan, and with her in the back seat were the younger daughter of appellants and their Japanese cook, respondent being seated on the left-hand side of said automobile, the daughter next to her and the cook on the right-hand side and appellant Pauline McLaughlin being alone in the front seat. At a point about one-quarter of a mile from said club, and near a bridge or culvert which crosses the road at that point, respondent was thrown from her seat with force sufficient to fracture or break the eleventh vertebra of her spine. The evidence produced upon the part of the respondent tended to prove that the road at the point where the accident happened was a dirt road, was rough and full of pot holes and ruts, and that the said bridge or culvert was in bad condition, and the approach to it was full of ruts and pot holes, with a sway in the road near the said bridge or culvert, and that at the time of the accident appellant Pauline McLaughlin was driving the automobile at the rate of from thirty to thirty-five miles per hour; that the automobile swayed back and forth across the road before the

final bump or shock that threw respondent from her seat. Appellant Pauline McLaughlin denied that she was driving said automobile, at the time of the accident, in excess of twenty or twenty-five miles per hour, and denied that the front part of said automobile swayed or swerved at all. She further testified that she was under the impression that the rear wheel of her automobile went into a rut which caused the jolt that threw respondent from her seat. The principal witness produced by respondent to prove the condition of the road at the point where the accident happened was A. H. Becker, who testified that for the past five or six years he had been in the habit of passing over what he called the back road from Sacramento to the said club, twice a week, and did so in May, 1927; that from the club to the culvert or bridge, being approximately a quarter of a mile, the road was always rough, full of pot holes, and that the approach to the culvert was in bad shape; that is, was rough, full of ruts and pot holes, with a sway before hitting the culvert. ▉ Appellants raise the point in their brief that the testimony of Becker should not be considered for the reason that the road, regarding which he testified, was not identified as being the identical road upon which the accident happened. Appellants made no cross-examination of this witness, except to ask him a few formal questions; made no objection before the trial court to this testimony upon the ground that the road about which the witness testified was not the road upon which the accident happened; nor moved to have the same stricken on that ground. Even though this testimony was incompetent, still, being admitted without objection, and treated by the parties as competent in the trial court, the question of its competency cannot be raised in the Appellate Court. (*Curiac* v. *Packard et al.*, 29 Cal. 194; *Mercantile Trust Co.* v. *Sunset etc. Co.*, 176 Cal. 461 [168 Pac. 1036]; *Parsons* v. *Easton*, 184 Cal. 764 [195 Pac. 419].) However, all of the witnesses agree that the road upon which the accident happened was a dirt road leading from the city of Sacramento to the Del Paso Country Club, several of them testifying that this dirt road connects Eighth street with the road upon which the club is situated. It is admitted that the accident happened on the dirt road at the culvert about a quarter of a mile from the club. Becker testified that in going to the

club from Sacramento he went out Eighth street, and then went over a back road leading from Eighth street and turning to the left to the club; that this was a dirt road, and that about a quarter of a mile from the club there was a bridge or culvert across the road. ▮ We are of the opinion that, in any event, there was evidence from which the jury might fairly deduce the inference that the road about which the witness Becker testified was the road upon which the accident happened.

▮ "The first ground for reversal put forth by appellants is that the third amended complaint fails to state a cause of action. Said complaint, after stating that appellants were husband and wife, sets forth that appellant Porter McLaughlin was the owner of the automobile, and that at the time of the accident respondent was riding therein as a guest of appellants, and that appellant was driving and operating the said automobile as the agent of said Porter McLaughlin, and under his authorization and direction, and that the road over which the automobile was being driven was a dirt road and was rough, rugged, bumpy and jagged, and that said appellant Pauline McLaughlin had operated said automobile over said road prior to said accident on other occasions, and knew the said road to be in said condition, and further stated 'that the said Pauline McLaughlin did on the said 15th day of May, 1927, and at that time on said day when plaintiff herein was accompanying said defendant in said Packard automobile, drive and operate said Packard automobile along and upon said dirt road in a reckless, negligent and careless manner, in that said defendant did drive and operate said automobile at so great a rate of speed, and with such disregard to the said condition of said road as to cause the automobile, by reason of said excessive speed, combined with the condition of said road, to suddenly swerve across said road and rebound onto said road with great force, thereby causing plaintiff, who was then and there riding in the back seat of said automobile, to be thrown and hurled with great force and violence to the floor of said automobile and that plaintiff was then and there injured', etc. ▮ While it is sufficient to plead negligence in general terms (*Dewhirst* v. *Leopold,* 194 Cal. 424 [229 Pac. 30]; *Mathes* v. *Aggeler & Musser Seed Co.,* 179 Cal. 697 [178 Pac. 713]), a complaint is sufficient if it

alleges the specific acts which constitute the negligence complained of. (19 Cal. Jur. 674.)

"We are of the opinion that the complaint stated a cause of action and that the demurrer was properly overruled. Furthermore, appellants answered and went to trial upon the issues thus formed, and there is nothing to indicate that they were misled in any way as to the issues they were to meet, and in fact did meet as best they could, and the cause appears to have been fairly tried upon the merits. (*Irrgang* v. *Ott,* 9 Cal. App. 440 [99 Pac. 528].)

■ "The next contention of appellants is that the evidence is insufficient to support the verdict because it fails to show any negligent act or omission of appellant Pauline McLaughlin which proximately caused injury to respondent. The evidence produced by respondent was to the effect that the road, at the point where the accident occurred, was a dirt road, very rough, and full of pot holes and ruts, and that the bridge or culvert, at the point where respondent was thrown from her seat, was in bad shape, and the approach to the said bridge or culvert was also in bad condition, and that at the time of the accident the automobile was traveling at the rate of thirty or thirty-five miles per hour; that appellant Pauline McLaughlin had driven over the said road on two different occasions before the accident, and had been seated in the front seat with her husband when he had driven the automobile over this road in going to the said club the day of the accident. She testified that the road where the accident happened was rough; that the earth was worn away from the ends of the planks on the bridge; that she thought there were ruts in the road, although she did not get out to examine them. She further testified that the accident happened at the edge of the bridge or culvert just before she went over it, as she had passed over the bridge when she stopped the automobile, and that at the time of the accident she was traveling at the rate of twenty or twenty-five miles per hour. Respondent testified that at first the car zigzagged, then it turned to the right a little bit, then to the left, then it hit a bump and threw the small daughter of appellants between her and the front seat; that she grabbed the little girl and just then the car swung around to the right and she was thrown between the seat and the door and struck her back against something.

■ Where the evidence is such that inferences may be drawn for or against a conclusion of negligence, it is for the jury to determine whether or not negligence existed. (19 Cal. Jur. 723.) In the case of *Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82 [41 A. L. R. 1927, 239 Pac. 709, 713], the court said: 'The rule by which the appellate court must be guided in passing upon the question whether findings of fact or verdicts of juries are sufficiently supported by the evidence is this: "That where an honest difference of opinion between men of average intelligence can arise as to the effect of evidence—that is, if the evidence is such as that different conclusions upon the matter can rationally be drawn from the evidence—then the case presented is one for the jury or the court, if the question of fact be submitted to its arbitrament." ' So in the instant case, if the jury believed that the testimony produced by respondent and her witnesses was true, that is to say, that at the place where the accident occurred the road was a dirt road; that it was rough and full of ruts and pot-holes, and that the approach to the bridge, near where respondent was injured, was in bad condition; that appellant had been over this previously on several occasions, and knew that the road was rough and in bad condition, and with this knowledge, she drove the automobile in which respondent was riding as a guest, over this road at the point where the accident happened, at an excessive rate of speed, taking into consideration, on the question of speed, the condition of the road at that point, and thereby produced such jolting and swerving of the automobile that respondent was thrown and cast from her seat and injured, there was certainly evidence sufficient upon which to base their verdict that appellant Pauline McLaughlin was guilty of negligence and that this negligence was the proximate cause of respondent's injuries. Upon that state of the facts the said last-named appellant would have been acting in violation of section 113 of the Motor Vehicle Act, which, among other things, provides that no person shall operate or drive a motor vehicle on a public highway at such rate of speed as to endanger the life or limb of any person.

■ "The next ground for reversal urged by appellants is that the trial court committed prejudicial error in giving instructions and in modifying and refusing proposed in-

structions. The instructions in this case are not numbered; we cannot, therefore, refer to them by numbers, which is to be regretted. One of the proposed instructions on behalf of appellants, which was refused by the court, is as follows:

" 'You cannot speculate or guess *that* caused the alleged accident. In case the evidence should show that the alleged injury to plaintiff may have occurred as a result of negligence of defendants, or may have occurred without any negligence on the part of defendants, you cannot indulge in speculation, guess or conjecture as to whether negligence on the part of defendants. may have caused the injury but in such event you must return a verdict for defendants and against plaintiff.' Presumably, it was the intention, by this instruction, to inform the jury that mere speculation, guess or conjecture that defendants were guilty of negligence would not justify the jury in finding that defendants, or either of them, were guilty of negligence. If this was the intention of appellants, then in substance it was covered by the instruction given by the court, and found on pages 137 and 138 of the reporter's transcript, wherein the court instructed the jury that mere supposition or surmise that negligence on the part of defendant Pauline McLaughlin, proximately caused the alleged accident, would not justify a verdict against defendants, or either of them.

"The court refused the above quoted instruction on the ground that it was ambiguous, and in the ruling we think the court was right.

"Appellants object to the instruction on page 161 of the reporter's transcript. In this instruction the court told the jury that in determining whether or not defendant Pauline McLaughlin used due care and prudence and circumspection, and drove her car at a reasonable and prudent speed, that it was the duty of the jury to take into consideration all the circumstances then and there existing which would have influenced the conduct of an ordinarily prudent driver in the same situation. Appellants claim that this instruction is objectionable because it omits all reference to the element of knowledge or notice on the part of Pauline McLaughlin, and fails to confine the consideration of the jury to the condition of the road as it was known to her at the time of the accident. It is true that the instruction did not contain the words 'at the time and place of the

accident', but it is evident that the jury could not have been misled by this omission. As applied to the facts in this case, the instruction unquestionably is a correct statement of the law. Furthermore, in its instructions on pages 126–127 of the reporter's transcript the court fully instructed the jury upon the matter of the knowledge or notice of Pauline McLaughlin regarding the condition of the road at the place of the accident. Taking the instructions as a whole they fully and fairly presented to the jury, for its determination, whether or not, under the facts of this case, the said Pauline McLaughlin was or was not guilty of negligence.

 ''Appellants also take exception to the instruction of the court set forth on page 162 of the reporter's transcript, claiming that there was no evidence upon which it could be supported. This instruction, in substance, is to the effect that the existence of disease does not prevent recovery, but on the contrary, recovery may be had for the increase or aggravation of same. The testimony of all the experts is that the eleventh vertebra had been weakened by disease, presumably tuberculosis; that the accident broke down this diseased vertebra and necessitated an operation by means of which the vertebral column was in a manner united and again supported, but at the expense of a permanently stiffened back, and the necessity for respondent having to wear a steel jacket. There is no evidence that, except for this accident, this defective vertebra would not have continued to support the vertebral column. Even though the ravages of the disease had been stayed or stopped prior to the accident, yet, according to the testimony of the experts, this vertebra was left, by virtue of said disease, in a defective condition, so much so, indeed, that the shock given to it at the time of the accident broke it down and rendered it wholly useless as a means of support to the remainder of the vertebral column. No error was committed in giving this instruction. (*Campbell* v. *Los Angeles Traction Co.*, 137 Cal. 565 [70 Pac. 624]; *White* v. *Red Mountain Fruit Co.*, 186 Cal. 335 [199 Pac. 318].)

 ''The objection of appellants to the instruction given on pages 165–166 of the reporter's transcript is without merit. The part objected to is to the effect that if the jury finds the issues in favor of respondent, then in esti-

mating her damage they must take into consideration the condition of her health and physical ability before the accident, the nature and extent of her injuries, etc. The testimony of respondent was that before the accident she worked for the Almond Growers Association as an almond grader, and prior to that work she had done laundry work; that since her injury she had not been able to perform manual labor of any kind; has been compelled to keep a servant to do her housework. She further testified that she had worked for the Almond Growers Association up to within a month prior to the accident, and that her wages were $16.00 to $18.00 per week. Appellants claim that the admission of this testimony was erroneous for the reason that no claim had been made by respondent for special damages of this character. There was no error committed by the court in the admission of this testimony. ▇▇▇ Under the plea of general damages, and to prove loss of earning capacity, it is permissible to show what wages, salary or emolument respondent was earning and capable of earning prior to the injury. (*Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237 [116 Pac. 513]; *Ehat* v. *Scheidt*, 17 Cal. App. 430 [120 Pac. 49].) In this last case, Hart, J., said: 'The earning capacity of the plaintiff prior to receiving the injury complained of, in the business which he had customarily followed, was a proper element to be considered in the assessment of damages.'

▇▇▇ "On cross-examination Pauline McLaughlin was permitted by the court, over objection, to testify that when she left the Country Club she intended to drive back to get her daughter, and in reply to questions as to whether she was anxious to get back to the church on account of her daughter, and for that reason was hurrying her return, she said that she did not think she was specially hurrying, but that her daughter at the church was on her mind. The admission of this evidence is assigned as error. Inasmuch as this witness had testified that she was driving the automobile at only a moderate rate of speed on her return from the Country Club to the place of the accident, and by that evidence seeking to controvert the evidence of respondent that she was driving at a speed of thirty or thirty-five miles per hour, the fact, if proven, that she had a motive for hurrying back to the church, or was hurrying back at the

time of the accident, would have some evidentiary force as tending to contradict her statement that she was not traveling at the rate of thirty or thirty-five miles per hour, as testified to by respondent. For that purpose this evidence was admissible.

 "Error is also claimed by appellants in the ruling of the court permitting testimony to be given to the effect that from the Country Club road to the place of the accident, a distance of about a quarter of a mile, the road was rough, bumpy and full of pot holes. It is urged by appellants that testimony as to the character of the road upon which the accident occurred should be limited to the place of the accident. While as a general rule this is true, yet, as tending to show notice to, and knowledge upon the part of Pauline McLaughlin, of the nature and condition of the surface of the road over which she was traveling just prior to the accident, it was permissible to show that for at least a reasonable distance in approaching the place where the accident happened, and continuing to that place, the road was rough and in bad condition. Under the circumstances surrounding this accident, and as tending to prove that Pauline McLaughlin did know, or in the exercise of her judgment as a reasonable person, should have known that the road, at the place of the accident, was rough and in bad condition, we are of the opinion that the trial court did not err in admitting this evidence. Nor did the court err in permitting respondent to testify as to the speed at which the automobile was traveling. She being a person of at least ordinary intelligence, so far as the evidence shows, and having opportunity for observing said speed, was competent to testify to same. (*Shimoda* v. *Bundy,* 24 Cal. App. 675 [142 Pac. 109]; *Johnsen* v. *Oakland, S. L. & H. E. Ry.,* 127 Cal. 608 [60 Pac. 170]; *Snyder* v. *Reeg,* 86 Cal. App. 232 [260 Pac. 600].)

"Appellants further contend that the verdict and judgment against Porter McLaughlin is not supported by any sufficient evidence that at the time of the accident Pauline McLaughlin was acting as his agent in driving the said automobile. Porter McLaughlin himself testified that he was the owner of the automobile; that he personally invited respondent to ride out to the Country Club with himself and wife; he also testified that he heard his wife invite re-

spondent to ride with them, and heard his wife say she would bring respondent back. Upon arriving at the Country Club he turned over to his wife the control and operation of the car, knowing that his wife intended to immediately return to the said church with respondent. Where proof is made that the car in question was owned by the husband, and was being operated by the wife at the time of the accident, with his express consent and permission, there is created a *prima facie* case authorizing an inference by a court or jury, in the absence of substantial proof to the contrary, that the wife was using the car as the agent of the husband. (*McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417]; *Randolph* v. *Hunt*, 41 Cal. App. 739 [183 Pac. 358]; *Perry* v. *A. Paladini, Inc.*, 89 Cal. App. 275 [264 Pac. 580]; *Ransford* v. *Ainsworth*, 196 Cal. 279 [237 Pac. 747].) Appellants offered no evidence in any way controverting the inference or presumption thus created.
In addition to the aforesaid presumption arising from ownership of the automobile, there was evidence from which the jury could draw the inference that at the time of the accident Pauline McLaughlin was acting as the agent of her said husband.

"And, lastly, appellants contend that the verdict awarding respondent the sum of $12,500 as general damages, is excessive. At the date of the accident respondent was about forty years of age. Previous to that date she had been troubled with what her physicians termed 'smouldering tuberculosis', but prior to the accident had been cured of this disease and had been employed as an almond-assorter at wages ranging from $16 to $18 per week. Her expectation of life was stipulated to be 28.18 years. The injury inflicted upon her by the accident necessitated a very painful operation which kept her in the hospital for over three months, and thereafter, she was confined to her bed in her home for another month, and was not able to get out of the house until March, 1928, a period of some ten months after the injury. Dr. Harris, one of the physicians who treated respondent, testified that she will always have to wear a steel brace or jacket for her back, and speaking of her future disability growing out of said injury and the operation, that she would never be able to do housework or hard work of any kind, and that for relief from continuing pain, she will

require future treatment. There is ample evidence that she has suffered great physical pain, and she will continue to suffer pain in the future.

"Upon this state of the evidence, we are unable to say, using the language of the Supreme Court in the case of *Kelley* v. *Hodge Transportation System,* 197 Cal. 598 [242 Pac. 76, 81], 'that the award of damages made by the jury and sustained by the court, was so greatly disproportionate to any compensation reasonably warranted by the facts as presented to us on appeal, as to shock the sense of justice and raise at once a presumption that it was the result of passion, prejudice or corruption, rather than an honest and sober judgment'. And this being the case, this court cannot exercise the power of revision. (*Darling* v. *Pacific Electric Ry. Co.,* 197 Cal. 702 [242 Pac. 703]; *Driscoll* v. *California Street R. R. Co.,* 80 Cal. App. 208 [250 Pac. 1062]; *Hale* v. *San Bernardino etc. Co.,* 156 Cal. 713 [106 Pac. 83].)"

The judgment and order denying motion for judgment notwithstanding verdict are affirmed, and the appeal from the order denying a new trial is dismissed.